ERIK A. ISACKSON v. DULUTH STREET RAILWAY COMPANY.

December 20, 1898.

Nos. 11,296—(102).

**Street Railway—Injury to Person upon Track—Private Rule of Company—Negligence and Contributory Negligence for the Jury.**

The plaintiff sued for personal injuries received while on defendant's track in a public street, and, against defendant's objection, introduced in evidence a special rule of the defendant street-railway company intended for the guidance of its motormen, which provided that "he must keep a sharp lookout to avoid running into pedestrians and vehicles, especially at cross streets. While the car is in motion, the responsibility for safe running rests with him. * * * He will be held responsible for any damage arising from negligence on his part." Plaintiff did not know of the existence of this rule, nor was there any evidence showing how long it had existed. *Held* error,—that the rule imposed a higher degree of care on the motormen than the law required, that the jury might have understood that this rule imposed upon them and the defendant an extraordinary degree of care as to travelers on defendant's track, whereas the law imposes only a reasonable degree of care and vigilance in such cases. *Held*, also, that there was sufficient evidence to justify the trial court in permitting the question of the defendant's negligence and the plaintiff's contributory negligence to go to the jury.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial, after a verdict for $2,500 in favor of plaintiff. Reversed.

*Thomas S. Wood,* for appellant.

*John Jenswold, Jr.,* for respondent.

BUCK, J.

The defendant appealed from the order of the district court for St. Louis county denying a motion for judgment notwithstanding the verdict, or for a new trial, upon certain grounds stated in the moving papers.

The plaintiff, in his complaint, alleged that while he was walking upon defendant's track in a public street in the city of Duluth the defendant did carelessly, wantonly, recklessly and unlawfully run and operate one of its cars in such manner and at such a reckless

rate of speed, as to cause said car to strike and run over the plaintiff, and greatly injure him personally, for which he claimed damages. Various other acts of negligence were alleged, which we need not recite or specify. The defendant, by its answer, denied all acts of negligence on its part, and alleged that the plaintiff negligently, carelessly and recklessly placed himself in front of the car of the defendant while the same was in motion, and that the injuries which plaintiff alleges he received on said occasion were caused by and due to the plaintiff's said negligent, careless and reckless act. Upon trial before a jury it rendered a verdict in favor of the plaintiff for the sum of $2,500.

Numerous errors are assigned, only two of which we deem it necessary to pass upon.

First, it is claimed that the verdict is not justified by the evidence. This relates, as we understand the matter, to the negligence of the defendant and the contributory negligence of the plaintiff. There are over 1,200 folios of evidence, which we have carefully examined, and we cannot say from the record that there was not sufficient evidence to justify the trial court in permitting the question of defendant's negligence and the plaintiff's contributory negligence to go to the jury.

The other error assigned, which is designated as "No. IX," and which we deem it necessary to examine, is in the following words:

"The court erred in overruling defendant's objection to the introduction in evidence by the plaintiff of rule 9 adopted by the defendant for its own protection, and the private direction and guidance of its employees, which rule is as follows:

"'(9) He must keep a sharp lookout to avoid running into pedestrians and vehicles, especially at cross streets. While the car is in motion, the responsibility for safe running rests with him. He will never allow any unauthorized person (the conductor is not an authorized person) to use the handles. He will be held responsible for any damage arising from negligence on his part.'"

This was a special rule of the defendant company for its motormen to obey, and so designated in the book of rules furnished them by the company, and introduced in evidence by the plaintiff against the objection of the defendant. This rule is evidently intended for

the guidance of its own motormen and as a standard of duty to the company on the part of such motormen. But there is not the slightest evidence to show that the plaintiff knew or relied upon it.

Rules may be adopted by the company which impose a higher degree of care upon its employees than that imposed by the law itself. Such rules are meritorious in this, that the stricter the rules are against negligence or wilful misconduct, the more they tend to make the employee diligent and careful in his management of the car, and thus lessen the dangers which result in personal injuries either to passengers or persons on the track of a railway company. There was no evidence showing or tending to show how long this rule had been in existence, or of any custom based upon it, and, in the absence of knowledge of such custom, plaintiff could not have been influenced by it in his conduct at the time of the injury. See Terien v. St. Paul City Ry. Co., 70 Minn. 532, 73 N. W. 412; Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166. The rule required a higher degree of care on the part of the motorman than the law imposed upon the company itself.

The plaintiff sues for the violation of duty imposed by law, not for the violation of a special rule about which he knew nothing. It was the duty of the defendant through its employees to use ordinary care not to injure persons lawfully on its track, but the rule requiring the motormen to keep a sharp lookout to avoid running into pedestrians and vehicles might well have been understood by the jury as requiring an extraordinary degree of care in such case, which is not the law. It is only a reasonable degree of care and vigilance of the street-car motormen in watching for persons upon the car track in a public highway that is required. Anderson v. Minneapolis St. Ry. Co., 42 Minn. 490, 44 N. W. 518; Ray, Neg. Imp. Dut. 33; Elliott, Roads & S. 587, and cases there cited.

The duty of a street-car company requires it to exercise the greatest care and foresight while operating its road as respects its passengers, but the rule is not so strict as to persons upon its right of way, though in a public street. It is only guilty of negligence, in respect to this class of persons, when it has not used ordinary care, which, of course, embraces reasonable attention and caution upon

the part of the employee operating or controlling the car on its track. Of course, it might be liable for wanton injury inflicted upon a pedestrian under certain circumstances. So, too, it is the duty of the traveler on a car track in a public street to use ordinary care in looking out for an approaching car, and avoid injury, as the latter has the right of way.

Order reversed, and a new trial granted.