## WALFORD NELSON v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

### November 14, 1913.

### Nos. 18,194—(49).

**Negligence — contributory negligence.**

> In an action to recover damages sustained in a collision at a railway crossing, it is *held* that the evidence is such as to justify a finding that the defendant was negligent; and that it is not such as to require a finding that the plaintiff was guilty of contributory negligence.

Action in the district court for Waseca county to recover $10,560 for personal injury caused by the negligence of defendant. The answer set up that the injury was caused solely by the negligence of plaintiff, and such negligence was the sole and proximate cause of the injury. The case was tried before Childress, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the

[1] Reported in 143 N. W. 914.

close of the testimony denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict of $975 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*W. H. Bremner, F. M. Miner* and *P. McGovern,* for appellant.

*Moonan & Moonan, John J. Spillane* and *Charles Spillane,* for respondent.

DIBELL, C.

The plaintiff and the team he was driving were injured by a collision with one of the defendant's trains at a railway crossing. This action is to recover damages for the injury. The defendant appeals from an order denying its motion for judgment notwithstanding the verdict.

1. There was the usual conflict in the testimony relative to the speed of the train and in respect of the warnings given. The question whether the defendant was negligent in either or both of these respects was for the jury.

2. The claim upon which the defendant relies is that the plaintiff was guilty of contributory negligence.

The railway of the defendant intersects Washburn street, in New Richland, substantially at right angles. The railroad runs north and south. The train was approaching on the main line from the south. The plaintiff had unloaded a load of grain at the mill elevator east of the railway tracks, and was proceeding west on Washburn street across the tracks to the business portion of the town. There was a decline in the street as he started west from the mill. There were two tracks between the mill and the main line, the easterly one called the mill track and the other the house track. The distance between the mill, which was on the south of Washburn street, and the center of the mill track, was 9 feet, and it was 13½ feet from the center of the mill track to the center of the house track. The distance between rails was 4.7 feet. The distance between the westerly rail of the house track and the easterly rail of the main track was something like 30 feet. There were cars on both of these tracks

at the south of the street obstructing the view of an approaching train, and in the immediate vicinity of the mill there was noise. There were cars at the north of the street. Some of the cars butted right up to the street, or extended into it, and the passageway was narrow. The plaintiff was standing in his wagon back of the spring seat and was something like 16 to 18 feet from the heads of his horses. When he had driven across the two tracks and had come within view of the approaching train the heads of his horses, as he figures it, were something like 10 or 12 feet from the main track. The collision was the happening of a moment. No one can give its details. The jury could find reasonably enough that the team became frightened and unmanageable and that in the effort of the plaintiff to turn them to the north and to the east they came into collision with the approaching engine or tender.

The day was clear. The plaintiff was entirely familiar with the crossing and had been over it hundreds of times. It was a dangerous place. He knew it. He was not required, as a matter of law, to get off his wagon and look before he crossed the mill and house tracks. Newstrom v. St. Paul & Duluth R. Co. 61 Minn. 78, 63 N. W. 253. Whether he was negligent before or after he crossed the two easterly tracks was for the jury.

The cases of King v. Chicago, M. & St. P. Ry. Co. 77 Minn. 104, 79 N. W. 611, and Simonson v. Minneapolis, St. P. & S. S. M. Ry. Co. 117 Minn. 243, 135 N. W. 745, except that the trains in those cases were running at a very much greater speed, involve situations resembling that disclosed in the case at bar.

Order affirmed.