E. F. GILLESPIE v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 30, 1914.

Nos. 18,747—(240).[2]

Accident at highway crossing — contributory negligence — trainmen's rules.

In an action by the plaintiff to recover damages for the death of his

[1] Reported in 149 N. W. 302.        [2] April, 1914, term calendar.

---

Note.—Presumption as to exercise of due care by person found to have been killed through alleged negligence of another, see note in 16 L.R.A. 261.

Burden of proof as to contributory negligence generally, see note in 33 L.R.A. (N.S.) 1085.

Duty and liability of railroad company toward person going onto its property to pass around train blocking crossing, see note in 5 L.R.A. (N.S.) 775.

intestate, who was run over and killed by a car of the defendant which was blocking a crossing, and was put in motion by cars switched against it as he was crossing behind it, it is *held:*

(1) That the question whether the plaintiff's intestate was guilty of contributory negligence was one of fact and was properly submitted to the jury.

(2) That the court was in error in submitting to the jury the question whether the defendant, by the act of its conductor, was guilty of wilful or wanton negligence.

(3) That the private rules of a railroad company, adopted for the guidance of its trainmen not known to the deceased, are inadmissible in an action to recover damages caused while he was crossing the tracks behind a string of cars blocking the crossing.

Action in the district court for Isanti county by the administrator of the estate of Emmett Niles, deceased, to recover $7,560 for the death of his intestate. The case was tried before Giddings, J., and a jury which returned a verdict for $7,500. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Cobb, Wheelwright & Dille,* for appellant.

*Godfrey G. Goodwin* and *Albert F. Pratt,* for respondent.

DIBELL, C.

This action was brought by the plaintiff to recover damages sustained by the death of his intestate, Emmett Niles. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

The defendant's railroad runs in a general northerly and southerly direction through Cambridge. The greater part of the village is located on the west of the main line track as is also the depot. At the east of the main line track is the passing track. Still further to the east is the industry track. At the west of the main line track, and at the west of the depot, is the house track.

On the day of the death of the plaintiff's intestate a local train on its way north was switching at Cambridge. It was about six o'clock in the evening. Three cars had been left on the main track blocking the crossing which passed from the east to the west north of the

depot. The trainmen were making a flying switch at the north, working two cars over from the industry track and getting them down to the three on the crossing, pulling them down attached to the front of the engine, and using the house track on which to run the engine as the cars continued south on the main track. Just prior to this Niles was at one of the potato warehouses at the east and the north of the depot. He had business at the depot. He went across the passing track and along to the end of the most southerly one of the three cars blocking the crossing, and then started to pass across the main track toward the depot. As he was attempting to cross, the two cars which had been shoved down in making the flying switch struck the three cars standing on the crossing, causing them to move a few feet, and the most southerly one knocked him down and ran over him, the accident resulting in his death a few minutes later.

It is conceded that the jury might, under the evidence, properly find the defendant guilty of negligence. The evidence in support of such finding is ample.

1. The first contention of the defendant is that Niles was, as a matter of law, guilty of contributory negligence.

We do not agree with this contention. When Niles started to the depot the crossing was blocked by the three cars and the engine was switching somewhere to the north. A presumption must be indulged that he exercised reasonable care for his safety. The evidence does not show that he did not make a reasonable observation before he passed behind the car, nor does it show that he did not make a reasonable observation at a practical time before reaching and crossing the passing track. Under the liberal rule now prevailing the question of his negligence was clearly one for the jury. Nelson v. Minneapolis & St. L. R. Co. 123 Minn. 350, 143 N. W. 914; Green v. Great Northern Ry. Co. 123 Minn. 279, 143 N. W. 722; Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994. We have no quarrel with the finding of the jury that he was not negligent and the court was not in error in submitting the question.

2. The court submitted to the jury the question whether the defendant was guilty of wilful or wanton negligence.

The claim in this connection is that the conductor, who stood somewhere at the north of the crossing, failed to do something which he should have done for Niles' protection after seeing him in a place of danger. He saw Niles and endeavored to attract his attention. Apparently he did not hear. The conductor supposed, or at least he says he supposed, that Niles went around southerly of the three cars and crossed safely over. At the time the two cars were coming from the north. He gave his attention to them, to see if there was sufficient clearance at the house switch, and did not know of Niles' injury until he saw the men pulling him out. We are unable to see that the conductor, after noticing Niles in what was a place of danger unless he was aware of the situation, failed to do anything which he should have done so as to justify a finding that his conduct was wilfully negligent. In submitting the question of wilful negligence to the jury the court was in error.

3. The plaintiff offered in evidence certain private rules adopted by the defendant company for the guidance of its trainmen in the operation of its trains. The test of the liability of a railway company to persons on public highways, or crossing its tracks, is fixed by the law and not by the rules which the company chooses to prescribe for the conduct of its employees. At least twice it has been held error to receive in evidence the rules of the company for the guidance of its employees upon the issue of the liability of the company for an injury to a pedestrian ignorant of them. Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 74 N. W. 166, 70 Am. St. 341; Isackson v. Duluth Street Ry. Co. 75 Minn. 27, 77 N. W. 433. Counsel for the plaintiff urge that these rules were properly brought out on cross-examination, that in general they required nothing of the railroad additional to that imposed by the law, and that they were in no event prejudicial. It is quite clear that these rules did not come into the case as legitimate cross-examination. Whether they required more of the defendant than the law requires, or whether they were in fact prejudicial, we do not stop to discuss; but it is apparent to one familiar with trial work that an inquiry whether the em-

ployees of the defendant were obeying its rules might easily confuse the jury in its investigation of the issues upon which liability depended.    These errors will not arise again.

Order reversed and new trial granted.