## Richmond

### VIRGINIA RAILWAY AND POWER COMPANY V. GODSEY.

January 12, 1915.

Absent, Keith, P.

1. STREET RAILWAYS—*Injury to Passengers—Evidence—Private Rules of Company.*—In an action against a street railway company to recover for a negligent injury inflicted on a passenger, the private rules of the company for the guidance of its employees in the operation of its cars are not admissible in evidence at the instance of a plaintiff who had no knowledge of the rules or of any custom based thereon. Whether or not a party has been negligent is to be determined by the standard fixed by law, without regard to any private rules of the party. A person may, out of abundant caution, adopt rules requiring of his employees a much higher degree of care than the law imposes. This is a practice that ought to be encouraged and not discouraged. But if the adoption of such a course is to be used against him as an admission, he would naturally find it to his interest not to adopt rules at all. The rules are excluded on the same principle that evidence of repairs or improvements after an injury are excluded.

2. STREET RAILWAYS—*Injury to Passenger—Proximate Cause—Negligence.*—Where a passenger on a street car was standing on the steps of the car, when, without warning and without negligence on the part of the company, two men, in attempting to board the moving car, rushed upon her, broke her hand-hold and caused her to fall, the intervening act of the two men, which the company could not foresee or control, was the proximate cause of the injury resulting from the fall, and the company is not liable therefor.

Error to a judgment of the Hustings Court Part II of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*H. W. Anderson, A. B. Guigon* and *Thos. P. Bryan,* for the plaintiff in error.

*John A. Lamb,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The judgment to be reviewed in this case was rendered against the defendant street car company as compensation to the plaintiff for certain injuries alleged to have been sustained by her in consequence of its negligence.

One of the bills of exception taken by the defendant company was to the action of the trial court in admitting as evidence on behalf of the plaintiff certain rules of the company. We are of opinion that this objection was well taken. The decisions bearing on the question are somewhat divided, but the weight of authority and the better reason are in favor of the view that such evidence is not admissible. These were the private rules of the company, intended only for the guidance of its own employees in the operation of its cars. There is no evidence that the plaintiff had any knowledge of their existence, or of any custom based upon them, and therefore her conduct could not have been in any way affected or influenced by them. A person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common. Private rules may require of employees less or more than is required by law; and whether a given course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party. The company cannot introduce its rules to show that it has conformed thereto as a proof of its freedom from negligence, and it would be a

harsh measure of justice to hold that a plaintiff should be permitted to exact of the company the standard of duty required by such rules.  The plaintiff sues for the violation of duty imposed by law, not for the violation of special rules about which she knew nothing.  *Isaacson* v. *Duluth, &c. Co.,* 75 Minn. 27, 77 N. W. 433; *Fonda* v. *St. Paul St. Ry. Co.,* 71 Minn. 438, 74 N. W. 166; *Continental Ins. Co.* v. *Chicago Northwestern, &c.,* 97 Minn. 467, 107 N. W. 548; *McBride* v. *Des Moines St. Ry. Co.,* 134 Iowa 398, 109 N. W. 618; *Alabama So. Ry. Co.* v. *Clark,* 136 Ala. 450, 34 So. 917; *United Rys. & E. Co.* v. *Hertel,* 97 Md. 382, 55 Atl. 428.  The principle is analogous to that involved in the doctrine now generally held, that evidence of repairs or improvements made after an accident are not admissible to show a negligent failure to repair before the injury.  *Va. &c. Wheel Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976.

The chief reason assigned by opposing cases for the admissibility of such evidence is that it is in the nature of an admission by the party promulgating the rule that reasonable care requires the exercise of all the precautions therein prescribed.

As said in *Fonda* v. *St. Paul St. Ry. Co., supra,* "The fallaciousness and unfairness of any such doctrine ought to be apparent on a moment's reflection.  The effect of it is that the more cautious and careful a man is in the adoption of rules in the management of his business in order to protect others, the worse he is off, and the higher degree of care he is bound to exercise.  A person may, out of abundant caution, adopt rules requiring of his employees a much higher degree of care than the law imposes.  This is a practice that ought to be encouraged, and not discouraged.  But if the adoption of such a course is to be used against him as an admission, he would naturally find it to his interest not to adopt any rules at all.  To treat the adoption of such rules as an admission against the

party would involve the same principle as treating repairs or improvements made after an accident as an admission of prior defects—a doctrine long since repudiated by this court, and now repudiated by most of the courts of the country. *Morse* v. *Railway Co.*, 30 Minn. 465. [16 N. W. 358.]"

We are further of opinion that the plaintiff has failed to make a case entitling her to recover. The essential facts established by the record are that the plaintiff, Mrs. Godsey, together with others, was returning from a Sunday-school excursion, reaching the corner of Twenty-third and Venable streets in the city of Richmond, about ten o'clock at night, at which point they alighted, having secured transfers to the Fairmount line. There was a crowd at the corner mentioned waiting for the same car, and when it arrived, with quite a number already on board, there was a general rush by the crowd at the corner of Twenty-third and Venable to get on. The car is described as becoming extremely crowded, to the extent of having people standing, not only on the platforms, but on the steps, both front and rear. The plaintiff says that she thought there was room inside and on the platform for her to stand, but that, on account of those ahead of her, she could get no further than the step, where she stood waiting to get on the platform when the car started; that she fell off when the car had gone about ten steps, and immediately got up and walked home, a distance of about five squares. Her account of the accident and its cause is told by her in the following words, in response to a question as to whether any one got on the car while it was moving: "Yes, sir, there was two men got on. That is mostly why I fell, because two men pushed up by the side of me and broke my hand hold and that was the cause of my falling. I would have stayed on the car after it continued to run."

The declaration, which is in two counts, alleges, first,

that while the plaintiff was in the act of boarding the car the defendant negligently, recklessly and carelessly started the car, by reason whereof the plaintiff was thrown from the car. Second, that the plaintiff had actually boarded the car and was standing on the step when the defendant negligently, recklessly and carelessly started the car before the plaintiff could reach a place of safety, by reason whereof she was thrown from the car, etc. Neither of these allegations is established by the evidence. On the contrary, the plaintiff's own account of the accident, by which she must be bound, is that after the car was moving and had gone ten steps she was standing on the step and could have continued to stay there had not two men rushed by her, broken her hand-hold, and caused her to fall. There is no evidence that there was any unusual jerk or jar of the car, or that failing to see her, or starting the car without signal, injured the plaintiff in any way. The plaintiff has herself established that the proximate cause of the accident which befell her was none of these things, but that it resulted from two men pushing up by her, thereby breaking her hand-hold and causing her to fall after the car was moving. This court has so frequently dealt with the subject of proximate cause that reference thereto seems unnecessary.

In the recent case of *C. & O. Ry. Co.* v. *Wills,* 111 Va. 32, 68 S. E. 395, 32 L. R. A. (N. S) 280, it is said: "If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to one that was more remote."

The plaintiff was securely on the step of the moving car and would have continued to stay there, when without warning and without negligence on the part of the defendant, two men, in attempting to board the moving car, rushed

upon her, broke her hand-hold, and caused her to fall. The intervening act of these two men which the company could not foresee or control, was the proximate cause of the alleged injuries to the plaintiff, for which the defendant, under the circumstances of this case, is not responsible.

As there can be no recovery upon the case made by the record before us, it is unnecessary to consider the assignments of error relating to the instructions given and refused. Should there be another trial, to justify a recovery the evidence must be different, which will necessitate other and different instructions.

The judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial, if the plaintiff be so advised, to be had not in conflict with the views herein expressed.

*Reversed.*