## CIRCUIT COURT OF HENRICO COUNTY

Roger W. Francis
and Virginia N. Francis

v.

James P. McEntee et al.

June 17, 1987

Case No. 86L83

By JUDGE JAMES E. KULP

This matter is before the Court upon plaintiffs Motion to Compel Discovery. By Interrogatory No. 9, plaintiffs seek the identity of by-laws, regulations, protocols, standing orders, and policy and procedure manuals pertaining to the defendant Hospital's central governing body, various staffs and departments. Plaintiffs further seek through Requests for Production of Documents Nos. 3 and 5, the production of all by-laws, regulations, protocols, etc., identified through Interrogatory No. 9.

The defendant Hospital objects to these discovery requests on the ground such material is privileged and therefore non-discoverable. *See* Rule 4:1(b)(1), Rules of the Virginia Supreme Court.

The defendant Hospital's objection is premised, in part, upon the language found in § 8.01-581.17 of the 1950 Code of Virginia, which provides in pertinent part:

> The proceedings, minutes, records, and reports of any medical staff committee, utilization review committee, or other committee as specified in § 8.01-581.16, together with all communications, both oral and written, originating in

or provided to such committees are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications.

Section 8.01-581.16 provides that:

Every member of. . . any committee, board, group, commission or other entity shall be immune from civil liability for any act. . . done or made in the performance of his duties while serving as a member of or consultant to such committee, board, group, commission or other entity which functions primarily to review, evaluate, or make recommendations on (i) the duration of patient stays in health care facilities, (ii) the professional services furnished with respect to the medical or dental necessity for such services, (iii) the purpose of promoting the most efficient use of available health care facilities and services, (iv) the adequacy or quality of professional services, (v) the competency and qualifications for professional staff privileges, or (vi) the reasonableness or appropriateness of charges made by or on behalf of health care facilities; provided that such entity has been established pursuant to federal or state law or regulation, or pursuant to Joint Commission on Accreditation of Hospitals requirements, or established and duly constituted by one or more public or licensed private hospitals. . .

Plaintiffs take the position that since § 8.01-518.17 does not mention by-laws, protocols, standing orders and policy and procedure manuals by name they are not included within the confidentiality provisions. In the Court's opinion, however, the provisions of § 8.01-518.17

should not be read so narrowly as to undermine the purposes of the statute.

By the enactment of this code section, the Virginia General Assembly has clearly made a public policy decision that it is in the best interests of the public to foster unrestrained dialogue among boards, staffs and committees of health care providers. Health care providers should be encouraged to adopt policies and procedures which will provide the public with the highest degree of care recognized by the medical and scientific communities at any given time. By-laws, protocols, standing orders and policy and procedure manuals are the end result of the self examination by the health care provider. They are developed through frank and uninhibited discussions by committees specifically designed to upgrade health care services. As such, they are written communications originating in the committees listed in § 8.01-581.17 and are entitled to the confidentiality provisions provided by the statute.

Under the provisions of § 8.01-581.17, the court has the authority to require the disclosure of the requested material upon a showing of good cause arising from extraordinary circumstances. No such circumstances have been presented to the court. The plaintiffs have sought these materials through routine discovery. Accordingly, the court finds that the materials sought through Requests for Production Nos. 3 and 5 are privileged and not subject to discovery pursuant to Rule 4:1(b)(1).

Since the Court finds the materials sought to be identified by Interrogatory No. 9 are privileged, the Court will not require the defendant Hospital to identify them. Such a requirement would amount to nothing more than a meaningless act.

It is conceded by plaintiffs that the documents they seek would not set the standard of care the Hospital owed to them. Such a concession is nothing more than a recognition that the standard of care has been codified in Virginia in § 8.01-581.20 as "that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty in this Commonwealth." *See Brown v. Koulizakis*, 229 Va. 524, 331 S.E.2d 440 (1985).

Plaintiffs acknowledge that the Supreme Court of Virginia has never rendered an opinion holding that the

materials sought are admissible evidence. Plaintiffs therefore rely mainly upon *Darling v. Charleston Community Memorial Hospital*, 211 N.E.2d 253 (Ill. 1965). The Court finds that significant differences exist in the circumstances surrounding the decision in *Darling* and those confronting this Court. First, it is of some import that the defendant hospital in *Darling* interposed no objection to the admission of the regulations, standards and by-laws. *See* 200 N.E.2d at 180. Secondly, and more importantly, the Illinois courts were not confronted with a confidentiality provision like the one contained in § 8.01-581.17. In the absence of such a confidentiality provision, the Illinois courts were not called upon to balance the competing interests involved in such a provision.

On the one hand, there is the interest of persons, like plaintiffs, to obtain the fullest disclosure in order to prove their case. On the other hand, there is the interest of the public at large to receive the highest degree of health care possible within the limits of human capabilities. In Virginia, the General Assembly has struck this balance in favor of the public at large. The court has no right or authority to substitute its judgment for that of the legislature.

The Court is of the opinion, however, that the legislative decision in enacting § 8.01-581.17 is supported by both reason and a rational basis. Since the materials protected by § 8.01-581.17 would not set the standard of care owed the plaintiffs by the Hospital, their admission into evidence would tend to create confusion rather than clarify any issue at trial. Consequently, the discovery of such materials would do little to advance the interests of the plaintiffs. If the policies and procedures of the Hospital were to be admitted into evidence, it is easy to imagine how the trier of fact could hold the Hospital to the standard of care which it has set for itself regardless of instructions to the contrary. Therefore, the more conscientious a health care provider is in providing a higher degree of care to its patients than required by law, the more readily such health care provider subjects itself to liability.

The Virginia Supreme Court has spoken to such an anomalous result in an analogous situation. In *Virginia Railway and Power Company v. Godsey*, 117 Va. 167, 83

S.E. 1072 (1915), the Court held that the private rules of the defendant street car company were not admissible to establish the standard of care owed the plaintiff by the defendant. In arriving at its decision, the Court quoted with approval from *Fonda v. St. Paul State Railway Co.*, 71 Minn. 438, 74 N.W. 166:

> The fallaciousness and unfairness of any such doctrine ought to be apparent on a moment's reflection. The effect of it is that the more cautious and careful a man is in the adoption of rules in the management of his business in order to protect others, the worse he is off, and the higher degree of care he is bound to exercise. A person may out of abundant caution adopt rules requiring of his employees a much higher degree of care than the law imposes. This is a practice that ought to be encouraged, and not discouraged. But if the adoption of such a course is to be used against him as an admission, he would naturally find it to his interests not to adopt any rules at all. To treat the adoption of such rules as an admission against the party would involve the same principle as treating repairs or improvements made after an accident as an admission of prior defects -- a doctrine long since repudiated by this court, and now repudiated by most of the courts of the country. [Citations omitted.]

If health care providers were to believe that their liability is going to be predicated by the standards they impose upon themselves, they will invariably adopt minimal standards. Such a circumstance would disserve the public's interests by lowering the standards of health care available.

The standard of care owed to plaintiffs in this case is fixed by law. As observed by the Court in *Godsey*, a party "cannot introduce its rules to show that it has conformed thereto as proof of its freedom from negligence, and it would be a harsh measure of justice to hold that a plaintiff should be permitted to exact of the [defendant]

the standard of duty required by such rules." 117 Va. at 168-9.

This Court is buttressed in its opinion in several ways. In *Pullen and McCoy v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983), an action for personal injuries resulting from a motor vehicle accident, the Virginia Supreme Court reaffirmed its holding that private rules are inadmissible in evidence either for or against a litigant who is not a party to such rules. The rules in question were those promulgated by the Highway Department which provided guidelines for employees of the Highway Department engaged in maintenance work. As of this time, the Virginia Supreme Court has not deviated from its long-held opinion that private rules are not admissible.

Furthermore, it appears that the General Assembly has not seen fit to alter or amend the confidentiality provisions contained in § 8.01-581.17 as to the materials sought, even though this statute has been in existence for a number of years. The legislature is the appropriate arena for debating the relative merits of the public policy in this area. It should not be subject to judicial fiat.

For the reasons set forth, the Court will deny plaintiffs' Interrogatory No. 9 and Requests for Production of Documents Nos. 3 and 5.

Defendant Hospital also claims privilege to Request for Production of Documents No. 6. This request seeks production of any records of any complaint, or Incident Report mentioning, dealing with, referred to, or relevant in any way to the care and treatment of Virginia and/or Shannon on May 11 and 12, 1982. To the extent any such reports were provided to any of the committees mentioned in §§ 8.01-581.16 and 8.01-581.17, they likewise are entitled to the confidentiality provisions of § 8.01-581.17.