8 F.3d 819
 87 Ed. Law Rep. 55
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garrett J. KLEIN; Anita S. Klein; Steven J. Klein,
Plaintiffs-Appellants,
v.
Robert J. BOYLE; Robert A. Darnall; John Kattwinkle;
Brian P. Conway, Defendants-Appellees,
and Bruce T. CARTER, Defendant.
 No. 92-1838.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 12, 1993.
Decided: October 22, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-90-44-C)
 James P. Davenport, Robert I. Dodge, Nussbaum & Wald, Washington, D.C., for Appellants.
 Michael P. Curreri, Linda B. Georgiadis, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Virginia, for Appellees.
 W.D. Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Anita and Steven Klein, on behalf of their son Garrett, appeal from a district court judgment entered pursuant to a jury verdict in favor of the Defendant physicians, and from the district court's prior order granting summary judgment and dismissing from the suit another physician who the district court found had no patient-physician relationship with their son. The Kleins brought this medical malpractice action seeking damages after their son became blind as a result of an ophthalmological disorder known as retinopathy of prematurity (ROP). The Kleins alleged that the Defendant's failure to provide timely and accurate ophthalmological exams prevented diagnosis of the disorder in time to treat it with a new treatment known as cryotherapy. The Kleins believe that their son more likely than not would not be blind if he had timely received this new treatment.
 
 
 2
 The only issue on appeal regarding the jury's verdict in favor of the Defendant physicians who, as attending physicians, supervised the care that Garrett received from the house staff at the University of Virginia Medical Center Neonatal Intensive Care Unit, is whether the district court erred by refusing to admit into evidence exhibits relating to the internal policies of the hospital. The Plaintiffs sought to introduce into evidence the Bylaws, Rules, and Regulations of the Clinical Staff of the University of Virginia Hospital, the Medical Center Policy Manual, and the employment contracts of the Defendant physicians.
 
 
 3
 Under Virginia law, evidence of internal policies or private rules is inadmissable in evidence either for or against a litigant who is not a party to such rules. See Pullen v. Nickens, 310 S.E.2d 452, 456 (Va. 1983); Virginia Ry. & Power Co. v. Godsey, 83 S.E. 1072 (Va. 1915). The rationale of these cases is that a person cannot, by the adoption of private rules, fix a standard of duty to others. Rather, whether a given course of conduct is negligent must be determined by the standard fixed by law. Id. In Virginia, expert testimony is required to establish the appropriate standard of care, and whether there has been a deviation from that standard which has proximately caused the claimed damages. See Bly v. Rhoades, 222 S.E.2d 783, 789 (Va. 1976).
 
 
 4
 We reject the Plaintiffs' contentions that the proffered exhibits were not intended to establish a standard of care, but rather to establish who owed a duty to Garrett. There was no dispute that the Defendant attending physicians owed a duty to Garrett. The district court specifically found such a duty in denying the attending physicians' motion for summary judgment, and it is clear that the jury could have found these Defendants liable had they found a breach of that duty. It appears that the Plaintiffs desired to use these exhibits to show that the attending physicians were responsible for any negligence of the house staff. This issue, however, was subsumed within the issue of the requisite standard of care, and we find that the exhibits were plainly inadmissable as they related to this issue.
 
 
 5
 Prior to trial, the district court entered summary judgment in favor of Defendant Dr. Conway, the Director of the Ophthalmology Residency Program and head of the Department of Ophthalmology at the University of Virginia Medical Center at the time of Garrett's stay in NICU. The district court determined that since Dr. Conway did not have a patient-physician relationship with Garrett, he was immune from suit. Under Virginia law, a faculty member at a state school is entitled to immunity if he functions in a teaching or administrative capacity, but is subject to liability for his actions as a physician providing care to a patient. See Janes v. Jane, 267 S.E.2d 108 (Va. 1980).
 
 
 6
 The Plaintiffs advance no argument showing that Dr. Conway owed Garrett a duty as a physician under Virginia law, and it is undisputed that Dr. Conway did not at any time actually treat Garrett. Rather, the Plaintiffs rely on language in the Medical Center's Policy Manual indicating that as the Director of his department, Dr. Conway was responsible for ensuring the performance of prompt and accurate eye examinations. We have held that the Policy Manual was inadmissable. Even if the Policy Manual had been admissible, however, we would agree with the district court that the language relied on by the Plaintiffs could not possibly mean that Dr. Conway was obligated to personally oversee the treatment of every patient in the Medical Center who needed ophthalmology services.
 
 
 7
 Moreover, to the extent that the Plaintiffs contend that Dr. Conway should have been subject to liability for the negligence of subordinates, since he did not oversee his subordinates as a physician in this case but merely as a teacher or administrator, we find that this position runs afoul of the holding in James. We therefore find that the district court properly found Dr. Conway immune from suit under the circumstances of this case.
 
 
 8
 The district court's judgment order and order entering summary judgment are therefore affirmed. We dispense with oral argument since the issues are adequately presented in the materials before the court and argument would not aid the decision process.
 
 AFFIRMED