# CIRCUIT COURT OF THE CITY OF NORFOLK

Automotion, Inc.

v.

Jeffrey M. Gregory et al.

March 7, 1996

Case No. (Law) L94-4280

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a motion for judgment in which it alleges defendant Jeffrey M. Gregory without authority opened a bank account with defendant First American Bank ("Bank") in the name of "Jeffrey M. Gregory, trading as Automotion, Ltd.," and that the bank entered into a contract with the plaintiff without making an inquiry to determine if Gregory had the authority "to enter into a written contract to open a checking account for the plaintiff." (Motion for Judgment, paragraph 4.) The motion for judgment further alleges Gregory used the account at the Bank without the plaintiff's knowledge causing a financial loss to the plaintiff (Motion for Judgment, paragraph 5), and that "as a result of this contract entered into between the defendants, and the resulting consequences, the plaintiff has suffered and will continue to suffer in the future, severe business and financial losses." (Motion for Judgment, paragraph 6.)

The motion for judgment is ambiguous about whether the plaintiff entered into a contract with the Bank; paragraph 4 claims that written contracts existed between Gregory and the Bank and between plaintiff and the Bank, but paragraph 6 indicates the only contract was between Gregory and the Bank. At the hearing on February 23, 1996, Mr. Shea conceded the plaintiff had no account with the Bank and the funds deposited in the account were Gregory's. At that hearing, both agreed the action against the Bank was based on Gregory's use of the account for the transaction of business in violation of a

contract he had with the plaintiff. The Bank has filed a demurrer and a motion for summary judgment. The demurrer will be sustained.

The plaintiff has cited no authority to support its contention that a bank has a duty to establish a person's authority to open an account. A bank may require proof of authority pursuant to its own rules, but the plaintiff has no legal right to rely on such rules. "A person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common." *Virginia R. & P. Co. v. Godsey,* 117 Va. 167, 168, 83 S.E. 1072, 1073 (1915).

The cause of action the plaintiff has pleaded against the Bank is for negligence, and I agree that it appears to be negligent interference with contract. Mr. Shea has cited no statute or case establishing such a cause of action in Virginia or establishing any duty the Bank owed the plaintiff under the facts alleged. "A man is entitled to be as negligent as he pleases towards the whole world if he owes no duty to them." *Dudley v. Offender Aid and Restoration,* 241 Va. 270, 277, 401 S.E.2d 878 (1991).

The *Restatement of the Law (Second), Torts 2d,* § 766C, which is persuasive but not binding authority, states:

> One is not liable to another for pecuniary harm not deriving from physical harm to the other, if that harm results from the actor's negligently:
> (a) causing a third person not to perform a contract with the other, or
> (b) interfering with the other's performance of his contract or making the performance more expensive or burdensome, or
> (c) interfering with the other's acquiring a contractual relation with a third person.

Comment *a* to that section states in part: "Thus far there has been no general recognition of any liability for a negligent interference, whether it is interference with a third person's performance of his contract with the plaintiff … or with the plaintiff's acquisition of prospective contractual relations."

Mr. Hart will prepare the appropriate order allowing the plaintiff thirty days to file an amended motion for judgment.