# CIRCUIT COURT OF THE CITY OF NORFOLK

Bernice Taylor

v.

John D. O'Neil,
Keith Newbrough,
Hampton Roads
Radiology Associates, P.C.,
Clarence G. Clark,
and Emergency Coverage Corp.

February 12, 2016

Case No. CL14-7519

By Judge David W. Lannetti

On February 8, 2016, counsel for the parties appeared before the Court for a hearing on the parties' motions *in limine*. Plaintiff Bernice Taylor's Motions *in Limine* seek to: (1) confine expert testimony to the expert designations; (2) exclude testimony on associated risks; (3) exclude *voir dire* to foreign licensed physicians regarding actual familiarity with Virginia's standard of care; and (4) preclude improper hypotheticals. Defendants John D. O'Neil, M.D., Kenneth Newbrough, M.D., and Hampton Roads Radiology Associates, P.C.'s Motions *in Limine* seek to: (1) prevent the introduction of various policies and procedures of the defendants for the purpose of establishing the applicable standard of care; (2) exclude the opinions of Dr. Larsen and Dr. Brown as experts on the standard of care of radiologists; (3) exclude admission of an alleged breach of the Exclusive Services Agreement to establish a breach of the standard of care; and (4) require Taylor to reduce her *ad damnum* to be consistent with the statutory cap regarding recovery for medical malpractice. Defendant Clarence

G. Clarke, D.O.'s Motions *in Limine* seek to: (1) exclude the opinions of Dr. Polin, Dr. Gibson, and Dr. Rissing as experts on the standard of care of emergency room physicians; and (2) exclude evidence regarding Dr. Clarke's change in status from Medical Director of the Emergency Department to Staff Emergency Physician.

Upon consideration of argument by counsel, the parties' motions and memoranda of law, and applicable authorities, the Court orders the following.

### *Plaintiff Bernice Taylor's Motions in Limine*

Taylor conceded at the Hearing that her Motions *in Limine* to confine expert testimony to expert designations, to exclude testimony on associated risks, and to preclude improper hypotheticals are "precautionary" motions and are not ripe for disposition at this time. The Court, therefore, removed these motions from the February 8, 2016, docket and granted leave to Taylor to raise these issues at trial.

Regarding Taylor's Motion *in Limine* to exclude *voir dire* to foreign-licensed physicians regarding actual familiarity with Virginia's standard of care, the Court finds that, to the extent the proposed expert witness satisfies the requirements of § 8.01-581.20 of the Code of Virginia, that expert witness is presumed to know Virginia's statewide standard of care in the specialty or field of medicine in which he is qualified for licensure in Virginia. If a party believes it has a good-faith basis to rebut that presumption, the Court orders that party to ask for a sidebar at trial to seek further direction from the Court. The Plaintiff's Motion *in Limine* regarding *voir dire* to foreign-licensed physicians, therefore, is granted in part and denied in part.

### *Defendants John D. O'Neil, Kenneth Newbrough, and Hampton Roads Radiology Associates, P.C.'s Motions in Limine*

Regarding Defendants O'Neil, Newbrough, and Hampton Roads Radiology Associates' Motion *in Limine* to exclude the introduction of various policies and procedures for the purpose of establishing the standard of care, the Court notes: "It is well settled in Virginia that internal policies and procedures, as 'private rules,' are not admissible to establish a standard of care." *Hawthorne v. Lavinder*, 72 Va. Cir. 375, 377 (Roanoke 2006) (citing *Pullen v. Nickens*, 226 Va. 342, 350, 310 S.E.2d 452, 456 (1983); *Virginia R. & P. Co. v. Godsey*, 117 Va. 167, 168, 83 S.E. 1072, 1073 (1915)). The case relied upon by Taylor, *Riverside Hospital, Inc. v. Johnson*, specifically distinguishes orientation instructions and nurse training materials from internal policies and procedures, such as those at issue in this case. 272 Va. 518, 529, 636 S.E.2d 416, 529 (2006). The Court finds that Taylor is precluded from introducing internal policies and procedures to establish the applicable standard of care, although she is not precluded from seeking to

introduce at trial internal policies and procedures for purposes other than to establish the standard of care. Defendants' Motion *in Limine* to exclude the introduction of various policies and procedures for the purpose of establishing the standard of care, therefore, is granted.

Regarding Defendants' Motion *in Limine* to exclude the opinions of Dr. Larsen and Dr. Brown as to the standard of care of radiologists, the Court first notes that it is not aware of any "cross-over testimony" doctrine recognized by Virginia appellate courts. Nevertheless, if expert witnesses in two separate fields of study both practice the same operation or event, either can testify to the standard of care of that operation or event. Without a ruling on the qualifications of each expert witness, it is premature to rule on individual proffered opinions. The Court will not, however, permit expert witnesses to opine on areas in which they are not qualified. Defendants' Motion *in Limine* to exclude the opinions of Dr. Larsen and Dr. Brown as to the standard of care of radiologists, therefore, is granted in part and denied in part.

Regarding Defendants' Motion *in Limine* to exclude admission of an alleged breach of the Exclusive Services Agreement to establish a breach of the standard of care, the Court notes that the standard of care in this case can be established only by expert testimony. Va. Code Ann. § 8.01-581.20 (2015 Repl. Vol.). The Court orders that Taylor is precluded from introducing evidence of an alleged breach of the Exclusive Services Agreement to establish a breach of the standard of care, although she is not precluded from seeking to introduce at trial such evidence for purposes other than to establish a breach of the standard of care. Defendants' Motion *in Limine* to exclude admission of an alleged breach of the Exclusive Services Agreement to establish a breach of the standard of care, therefore, is granted.

Regarding Defendants' Motion *in Limine* to require Taylor to reduce her *ad damnum* to be consistent with the statutory cap regarding recovery for medical malpractice, the Court holds that the Court's imposition of a statutory cap, as a matter of law, arises only after a jury returns a verdict that exceeds that cap. *See, e.g., Etheridge v. Medical Ctr. Hosps.*, 237 Va. 87, 96, 376 S.E.2d 525, 529 (1999). Hence, it would be improper for the Court to order Taylor to reduce her *ad damnum* based solely on the existence of the statutory cap. Defendants' Motion *in Limine* to require Taylor to reduce her *ad damnum* to be consistent with the statutory cap, therefore, is denied.

### *Defendant Clarence G. Clarke's Motions in Limine*

Regarding Defendant Clarke's Motion *in Limine* to exclude the opinions of Dr. Polin, Dr. Gibson, and Dr. Rissling on the standard of care of emergency room physicians, the Court reiterates that it is not aware of any "cross-over testimony" doctrine recognized by Virginia appellate courts. Nevertheless, if expert witnesses in two separate fields of study both practice

the same operation or event, either can testify to the standard of care of that operation or event. Without a ruling on the qualifications of each expert witness, it is premature to rule on individual proffered opinions. The Court will not, however, permit expert witnesses to opine on areas in which they are not qualified. Clarke's Motion *in Limine* to exclude the opinions of Dr. Polin, Dr. Gibson, and Dr. Rissling on the standard of care of emergency room physicians, therefore, is granted in part and denied in part.

Regarding Clarke's Motion *in Limine* to exclude evidence of Dr. Clarke's change in status from Medical Director of the DePaul Emergency Department to Staff Emergency Physician, Taylor conceded at the Hearing that this change of status is unrelated to her treatment. Taylor represented that she wishes to introduce testimony from a defendant corporate deponent on an issue not noticed in the associated corporate deposition notice to challenge a statement Clarke made during his deposition and thereby challenge Clark's credibility. *See* Va. R. Sup. Ct. 4:5(b)(6). The Court finds that permitting such evidence likely would lead to a trial within a trial on a collateral issue, which has the potential of confusing or misleading the jury. Va. R. Evid. 2:403. Based on the totality of the circumstances, the Court also finds that any probative value derived from evidence of Dr. Clarke's change in status is substantially outweighed by the danger of unfair prejudice to Defendant Clarke. *Id.* Clarke's Motion *in Limine* to exclude evidence of Dr. Clarke's change in status from Medical Director of the DePaul Emergency Department to Staff Emergency Physician, therefore, is granted.