**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1961**

A.Z., by his next friend and legal guardian, Jessica Zilka,

             Plaintiff - Appellant,

        v.

UNITED STATES OF AMERICA,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:23-cv-00003-MSD-RJK)

Submitted:  August 29, 2024                    Decided:  September 17, 2024

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Phillip S. Georges, PHILLIP S. GEORGES, PLLC, Nashville, Tennessee, for Appellant.  Jessica D. Aber, United States Attorney, Lauren A. Wetzler, Civil Chief, Daniel P. Shean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff A.Z., by his legal guardian Jessica Zilka, filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"), against the United States alleging two counts of negligence. The allegations stemmed from an incident in which a dog attacked A.Z. at Camp Peary, a government facility. The Government filed a motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). A.Z. stipulated to the dismissal of the first count, and the district court granted the Government's motion and dismissed A.Z.'s complaint in its entirety. On appeal, A.Z. contends that the district court erred by dismissing the second negligence claim. We affirm.

We review de novo a district court's order granting a motion to dismiss. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). We "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "To survive a motion to dismiss, the complaint's factual allegations must be enough to raise a right to relief above the speculative level—that is, the complaint must contain enough facts to state a claim for relief that is plausible on its face." *King*, 825 F.3d at 214 (cleaned up).

"As a general matter, the United States is immune from suit unless it waives that immunity." *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019) (internal quotation marks omitted). The FTCA provides a limited waiver of sovereign immunity for torts committed by federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant

2

in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see Millbrook v. United States*, 569 U.S. 50, 52 (2013). Under the FTCA, state law, not federal law, serves as "the source of substantive liability," *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994), and we apply the law of the place "where the act or omission occurred," 28 U.S.C. § 1346(b)(1)—here, Virginia.

Under Virginia law, "[t]o establish actionable negligence, [A.Z.] had the burden to show the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003). The owner of a premises owes an invitee the duty to "use ordinary care to render the premises reasonably safe for the invitee's visit." *Knight v. Moore*, 18 S.E.2d 266, 269 (Va. 1942). And while "[t]he owner must give notice or warning of an unsafe condition which is known to him," such an owner "is not an insurer of his invitee's safety thereon." *Id.* Further, in Virginia, a party's adoption of private rules does not alter the common law or statutory duty of care owed to invitees. *See Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 110 (4th Cir. 1995); *see also Va. Ry. & Power Co. v. Godsey*, 83 S.E. 1072, 1073 (Va. 1915) ("[W]hether a given course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party."). We have reviewed the record and the relevant legal authorities and conclude that the district court correctly determined that the complaint failed to sufficiently allege a cause of action for negligence.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*