## CIRCUIT COURT OF ROCKINGHAM COUNTY

Gloria B. Messerley, Adm'x

v.

Avante Group, Inc., et al.

October 1, 1996

Case No. (Law) 10078

BY JUDGE JOHN J. MCGRATH, JR.

This matter came on for hearing on September 26, 1996, upon Plaintiff's Motion to Compel Response to Interrogatories 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, and 16 and Requests for Production 2, 3, 4, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30, and 31. The Court heard argument by counsel and took the matter under advisement.

The essential objection to Interrogatories 5, 10, and 11 and to Requests for Production 11, 12, 18, 19, 20, and 21 which are raised by Avante Group, Inc., and Avante at Harrisonburg, Inc., d/b/a Avante at Harrisonburg, (hereinafter Avante) are that all documents related to accidents or incidents involving the decedent, Edith Biller, are protected by the so-called "Quality Assurance Privilege" contained in § 8.01-581.17 of the Code of Virginia.

The Court approaches this with some knowledge of the background of the record keeping procedures of Liberty Nursing Home, Inc., which was a defendant in a similar civil case that was the subject of an eight-day jury trial in September of 1996. Based on the discovery and evidence introduced in that case, it was apparent that the nursing home had the practice of reporting all accidents (no matter how minor) that occurred on the premises on a standard incident form which was then apparently forwarded to a Quality Assurance Committee of the nursing home and possibly the parent corporation. Defendants' argument is that such documentation, even though it contained only the basic and routine facts concerning an accident or incident, such as the

date and time of its occurrence, the injuries sustained, the witnesses to the accident, the witnesses' statements, etc., were quality assurance records, which were ostensibly "privileged" under § 8.01-581.17.

In short, this nursing home (and possibly many others) have tried to classify routine accident or incident reports which are completed by employees on a regular basis as quality assurance documents. This, however, oversteps the language of the statute and the intent of the legislature in enacting § 8.01-581.17.

First, by the very terms of the statute, it is apparent that Avante Group, Inc., is not even covered by the privilege because the privilege extends only to health care providers which are defined in § 8.01-581.1 of the Code to include nursing homes as that term is defined in § 54.1-3100 of the Code. In turn, § 54.1-3100 defines a nursing home to mean any public or private facility required to be licensed as a nursing home under § 32.1-123, *et seq.* of the Code of Virginia.

There has been no evidence produced or allegation made that Avante Group, Inc., is a nursing home within the meaning of that statute or that Avante Group, Inc., is licensed or needs to be licensed in the Commonwealth of Virginia. It appears, based on the allegation in the Motion for Judgment and the Answer filed by Avante Group, Inc., that Avante Group, Inc., is a holding company which owns stock in corporations which operate nursing homes and which provides certain management services to those companies. Avante itself, however, does not appear to be a nursing home and that appears to be the thrust of Paragraph 3 of the Answer in which Avante Group, Inc., responded as follows:

> Defendant admits the allegation that it manages Avante at Harrisonburg to the extent that it provides management overview but that the day-to-day operation and management of the facility is within the exclusive control of Avante at Harrisonburg. The defendant admits that from July 1, 1994, it provided management-level employees who worked at Avante at Harrisonburg.

Moreover, the Court is of the view that the privilege set out in § 8.01-581.17 is not meant to nor does it extend to cover simple factual reports which do not contain any broad based quality assurance recommendations or discussions. That reading of the statute is corroborated by the wording of the statute which provides that:

Nothing in this section shall be construed as providing any privilege to hospital medical records kept with respect to any patient in the ordinary course of business of operating a hospital nor to any facts or information contained in such records nor shall this section preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient.

It is apparent that although this "exemption" from the privilege is worded in terms of "hospital medical records," the same rationale must apply to medical records maintained by a nursing home. Clearly, injuries to a patient, whether in a hospital or a nursing home, need to be included in the patient's medical chart and cannot be shielded from discovery by the mere expediency of forwarding these "reports" to a so-called quality control committee.

It appears to the Court that this privilege does not extend to reports containing simple facts concerning accidents and the witnesses thereto, and any statements made by the witnesses are not covered by the privilege and must be disclosed and produced to the opposing party.

With those general principles in mind, the Avante defendants are hereby ordered to respond to Interrogatories 5, 10, and 11 on or before October 22, 1996. The Avante defendants are further ordered to respond on or before October 22, 1996, to Requests for Production 12, 19 (except the Defendants may submit for *in camera* inspection any document which they believe in good faith contains a genuine quality assurance recommendation to or on behalf of the nursing home as opposed to simply a factual recitation of what had occurred and what steps had been taken to rectify the problem), 20 and 21 (except that the Defendant may submit for *in camera* inspection of any document which they believe in good faith contains a genuine quality assurance recommendation to or on behalf of the nursing home as opposed to simply a factual recitation of what had occurred and what steps had been taken to rectify the problem).

The next grouping of Interrogatories and Requests for Production call for information relating to policies and procedures and guidelines and compliance therewith. Although the Court has reservations that such material is admissible at trial, it nevertheless is material that is subject to discovery because it may lead to relevant and admissible evidence. Therefore, the Avante defendants are ordered to answer on or before October 22, 1996, Interrogatories 9 and 12 and Requests for Production 2 and 16.

Requests for Production 3 and 4 call for a copy of the personnel files of all personnel employed at Liberty House or Avante Group, Inc., supervising,

caring for, or providing for the needs of Edith C. Biller from October 29, 1993, through November 11, 1994. Similarly, a request is made for all the personnel files of the administrator, director of nursing, and nursing supervisors. These requests shall be complied with on or before October 22, 1996. Defendants object on the grounds that they believe it calls for all of the personnel files for everybody employed by the nursing home during the relevant period of time. The request is specifically limited to those who were "supervising, caring for, or providing for the needs of Edith C. Biller." The Avante defendants will respond to Requests for Production 3 and 4 before October 22, 1996.

Requests for Production 14, 15, and 23 shall be responded to on or before December 15, 1996. Request for Production 31 need not be responded to in its present form because of its overbreadth. Although Request for Production 16 does involve questions relating to compliance with government regulations and this is of questionable admissibility at trial, it appears to the Court that this is relevant material for the purposes of discovery and is reasonably calculated to lead to the discovery and/or production of admissible evidence.

Interrogatories 13, 14, 15, and 16 shall be responded to by October 22, 1996. Interrogatory 6 shall be responded to by December 15, 1996. Interrogatory 8 (except for the portion dealing with whether there has been a reservation of rights or a denial of coverage) shall be responded to by October 22, 1996. In addition, Requests for Production 11, 17, 18, 23, and 24 shall be responded to by October 22, 1996.