# CIRCUIT COURT OF WASHINGTON COUNTY

Colston, etc.

v.

Johnston Memorial
Hospital et al.

July 7, 1998

Case No. (Law) 97-276

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court upon the plaintiff's motion to compel responses to discovery. The court conducted a hearing on the issues on June 1st and took the matter under advisement to allow plaintiff's counsel to file additional authorities. The court has received and reviewed plaintiff's memoranda and defendant's authorities submitted at the hearing and considered same in light of counsels' arguments. Certain of the objections to the discovery requests were resolved prior to the hearing. The remaining significant issue left for the court to decide is the extent to which §§ 8.01-581.16 and 8.01-581.17 of the Code grants a privilege from discovery to certain requests made by the plaintiff. The reported opinions from various trial courts across the Commonwealth certainly indicate different attitudes and rulings on this subject. This court is of opinion to, and will, side with those courts which have extended the privilege to the information and documents sought by the plaintiff herein. While I am impressed by the well-written opinion of Judge Coulter in the case of *Johnson, Adm'x, etc. v. Roanoke Mem. Hosp., Inc.*, 9 Va. Cir. 196 (1987), relied upon by the plaintiff, I am more in tune with the thinking of Judge McWeeny as stated in his opinion in *Riordan v. Fairfax Hosp. System, Inc.*, 28 Va. Cir. 560 (1988), wherein he recited with approval a Henrico County Circuit Court opinion which denied the discovery stating "since there is a sound and rational basis for the legislation, it will not be disturbed by a judicial fiat." I am further persuaded by the well-reasoned

opinion by Judge Kulp in the case of *Francis v. McEntee*, 10 Va. Cir. 126 (1987), wherein he stated:

> By the enactment of this Code section, the Virginia General Assembly has clearly made a public policy decision that it is in the best interests of the public to foster unrestrained dialogue among boards, staffs, and committees of health care providers. Health care providers should be encouraged to adopt policies and procedures which will provide the public with the highest degree of care recognized by the medical and scientific communities at any given time. By-laws, protocols, standing orders, and policy and procedure manuals are the end result of the self-examination by the health care provider. They are developed through frank and uninhibited discussions by committees specifically designed to upgrade health care services. As such, they are written communications originating in the committee listed in § 8.01-581.17 and are entitled to the confidentiality provisions provided by the statute.

Further, Judge Coulter in his opinion denying the privilege gave no credit to the defendant's argument that every part of the statute should be given meaning and effect and that to construe the last phrase of the statute as taking away the privilege granted in the first would render the statute meaningless, a very sound argument in my judgment. In my opinion, that last phrase of the statute is simply a reassertion of the existing law on the subject.

Since the plaintiff has not shown "good cause arising from extraordinary circumstances," the court will deny the motion to compel.