## CIRCUIT COURT OF CHESTERFIELD COUNTY

Saunders

v.

Gottfried

June 3, 2002

Case No. CL01-963

BY JUDGE T. J. HAULER

This cause came on for hearing on May 23, 2002, upon Southside Community Hospital's motion to quash a subpoena duces tecum. Upon the argument of counsel and the authorities cited, the Court now renders the following opinion.

The hospital objects to producing the incident report of February 7, 2001, on the basis of the privilege provided by Virginia Code § 8.01-581.17. The hospital objects to producing the hospital's protocols and procedures on the basis of the same privilege and on relevancy grounds.

Section 8.01-581.17 creates a privilege against discovery for any, "proceedings, minutes, records, and reports," created by an incident review committee as well as, "all communications, both oral and written, originating in or provided to such committees." No appellate decisions address the scope of the privilege created by this section. The circuit courts have split between two distinct lines of interpretation. The first extends the privilege only to communications which contain some deliberative content or opinion. *See Parker v. Beverly Enterprises*, Law No. 9734 (Rockingham County Cir. Ct. 1997). *See also McMillan v. Renal Treatment Center*, 45 Va. Cir. 395 (Norfolk 1998); *Vliet v. Sentara Hospitals-Norfolk*, Law No. L91-209

(Norfolk Cir. Ct. 1993); *West v. Riverside Hosp., Inc.* (Va. Medical Malpractice Review Board 1994); *DiSilverstro v. Tidewater Psychiatric Inst.,* Law No. CL91-3360 (Virginia Beach City Cir. Ct. 1993); *Bradburn v. Rockingham Memorial Hosp.,* 45 Va. Cir. 356 (Rockingham County 1998); *Messerly v. Avante Group, Inc.,* 42 Va. Cir. 26 (Rockingham County 1996). Purely factual reports are not deemed a "communication." The second broader approach extends the privilege to any report generated for an appropriate review committee regardless of its factual content. *See Colston v. Johnston Memorial Hosp.,* 49 Va. Cir. 540 (1988); *Riordan v. Fairfax Hosp. System, Inc.,* 28 Va. Cir. 560 (1988).

The former view relies upon the intent of the statute to protect the hospital's efforts to cure faulty procedures and create a safer environment for patients. The courts following this view have concluded that these efforts are primarily deliberative in nature. They read the second clause of the statute, which specifically excludes patient records kept, "in the ordinary course of business of operating a hospital. . . ." from the privilege to support the distinction between fact and opinion or recommendation.

This Court declines to adopt this view. It is clear that any facts surrounding the incident in question are relevant and would be discoverable through any normal method except for the privilege created by this section. As in cases of attorney-client privilege or work product, the privilege extends to the document or oral communication regardless of content, but the factual contents are not otherwise protected. *See generally Restatement (Third) of Law Governing Lawyers* §§ 69, 87 (2000). The incident report is a communication provided to the appropriate committee and is, therefore, not itself discoverable absent a showing of extraordinary circumstances as provided by the statute. The privilege does not extend to the author of the report nor to any facts which may be contained in the report. The second clause regarding patient records merely distinguishes the incident report created not in the ordinary course of treatment but only after some kind of accident from all other records whether their contents be purely factual or whether they include the thoughts or opinions of the treating physician or technician.

The protocols and procedures of the hospital do not fall within the scope of the privilege created by § 8.01-581.17 and are relevant even though they may not be admissible.

For the foregoing reasons, the motion to quash is granted with respect to the incident report and denied with respect to the hospital's protocols and procedures.