# CIRCUIT COURT OF THE CITY OF ROANOKE

Sheila Tinsley,
Administrator
of the Estate of
Viola Childress,
deceased

v.

Medical Facilities
of Am. XLVII, L.P.,
t/a Berkshire Health and
Rehabilitation Center, *et al.*

Case No. CL10-1044

By Judge Jonathan M. Apgar

March 31, 2011

Counsel informed me earlier this month that the attempt to mediate this case was unsuccessful. While I wished a different result, I thank counsel for the good faith effort. This letter is to resolve two discovery issues, now that the case is to proceed toward trial.

The first inquiry concerns the Post Fall Assessment Management Reviews of July 1st, September 21st, and November 1st, all in 2008. There is also an Unusual Incident Report Form of August 26, 2009. For the several reasons stated on pages two through four of Mr. Carter's letter of February 10, 2011, the Court grants access to these documents by Plaintiff's counsel, for his examination and review in the Clerk's Office. The question of whether copying will be allowed is reserved until after Plaintiff's counsel has reviewed the four documents, and both counsel have conferred further with the Court.

The second inquiry is granting access to the partnership agreements, provided *in camera* by Ms. Londos, to discover the thirty-three partners whose fractional shares are below the 5% ownership interest which requires public disclosure in the facility's license application. At this time, as to these fractional interests, the Defendants' objection are sustained, and the agreements remain sealed at this time, to which the Plaintiff objects.

## May 12, 2011

This case is before the Court on Plaintiff's Fourth Motion To Compel. Plaintiff seeks additional discovery documents and requests that the deposition of Amanda Champney be re-commenced, rather than proceed by discovery through written interrogatories. For the following reasons, Plaintiff's Motion is granted in part and denied in part.

By order dated February 22, 2011, Judge Weckstein ordered the disclosure of, through the use of an agent, "the existence and content of all incident reports, unusual occurrence reports, post-fall assessments, equivalent investigatory documents, survey reports, plans of correction, notices of claims, and other documents that memorialize each incident [requested], redacting therefrom all patient-identifying information" that could be found at the corporate offices of Defendants. Order at 1, *Tinsley v. Medical Facilities of Am.*, No. CL10-1044 (Roanoke. Cir. Ct. Feb. 22, 2011). The order required all responsive documents be disclosed. *Id.* ("[T]he defendants are ordered to . . . produce responsive documents for those falls described . . . about which the defendants have care, custody, or control of information and documents at the corporate office for Medical Facilities of America, Inc."). Defendants were allowed to withhold only those items to which they could claim privilege. In response, Defendants have withheld the following items that Plaintiff had requested: ten Incident/Accident Reports, two Post Fall Assessments, three Post Fall Assessment Management Reviews, seven Witness Statements, one Associate Statement, one MFA Corrective Action document, and one Nurse Statement. Defendants allege that, not only are these documents privileged, but that they are also outside of the scope of the previously entered order

## A. *Privilege*

It appears beyond question that the incident and post-fall assessment reports prepared by Defendants are not privileged under Va. Code § 8.01-581.17 to the extent they represent solely "[f]actual patient care information that does not contain any committee action or discussion." *Riverside*, 272 Va. at 533. *Riverside Hosp., Inc. v. Johnson*, 272 Va. 518, 636 S.E.2d 416 (2006) ("Factual patient care incident information that does not contain or reflect any committee discussion or action by the committee. reviewing the information is not the type of information that must 'necessarily be

confidential' in order to allow participation in the peer or quality assurance review process."); *see also Huffman v. Beverly Cal. Corp.*, 42 Va. Cir. 205 (Rockingham County 1997) ("[T]hese type documents are not shielded from discovery nor are they precluded from being admitted into evidence simply because they may be marked as ultimately destined for a quality review committee.").

> The proceedings, minutes, records, and reports of any . . . (iii) quality assurance, quality of care, or peer review committee . . . together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure. . . .

Va. Code § 8.01-581.17.

However, even though they may not be privileged, the records may still be considered medical records. While the staff policy states that these post-fall assessments should not be placed in the patients' files, this is not dispositive of their designation. Plaintiff's Fourth Motion To Compel at 5, *Tinsley v. Medical Facilities of Am.*, No. CL10-1044 (Roanoke Cir. Ct. Apr. 29, 2011). Though the case law agrees with Plaintiff that the documents are not privileged, it also lays out that these documents are in fact, to be treated as medical records. *Riverside,* 272 Va. at 534 ("Both documents were medical records of the hospital, made and kept in the normal course of the operation of the hospital.") To that extent, the privacy concerns of any patients involved must be addressed. Therefore, if these documents are to be disclosed, the identifying information of the patients, name, address, social security number, and birth date, must be redacted, as previously specified in the order.

The witness statements and other documents are also not covered by the § 8.01-581.17 privilege and are, therefore, discoverable, subject to the same restrictions above regarding factual content and identifying information. *Messerley v. Avante Group, Inc.*, 42 Va. Cir. 26 (Rockingham County 1996) ("[A]ny statements made by the witnesses are not covered by the privilege and must be disclosed and produced to the opposing party.").

As it appears that all of the documents are free from the privilege, they are discoverable, provided the requests do not exceed the scope of the previous order.

B. *Overbreadth*

If Plaintiff's request exceeds the breadth of the previous order, discovery must be disallowed, or a new order must be entered.

It seems clear from the order that, technically, discovery of these non-privileged documents was limited to those items found at the MFA corporate facilities. Therefore, in order to seek those documents or information not found at the headquarters, Plaintiff must show that these documents are not-privileged, relevant, and likely to lead to admissible evidence. In addition, Plaintiff must show that the pursuit of such informations is not unduly burdensome or cumulative. Va. Sup. Ct. R. 4:1(b)(1).

Plaintiff easily meets the first criteria, based on the previous order. If the material found at headquarters is non-privileged, relevant, and likely to lead to admissible evidence, it follows that any information not accessible from headquarters would also meet this standards. The question becomes it is unduly burdensome for Defendants to seek out this information, *i.e.* whether the relevancy of the information outweighs the burdensomeness of finding the information. In this endeavor, relevancy should be broadly construed. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D. N.C. 1989) (interpreting Fed. R. Civ. P. 26(b)(1), which mirrors Va. R. Sup. Ct. 4:1(b)(1), at issue here).

Plaintiff has readily identified each document she is looking for, the facility where the requisite fall occurred, the date, and the parties involved. Though the collection of this information includes as many as thirty additional facilities and an off-site storage unit, the laborious part of this process has already occurred. It should not be burdensome for Defendants to find these records, as other documents of a similar nature have already been produced. If Defendants were able to search headquarters, it would not seem excessively difficulty to seek the remainder of the documents that are clearly identified and/or located nearby in a site previously accessed by Defendants.

Therefore, Plaintiff is entitled to the information requested, but with two caveats. First, all discovery of these documents will continue to be covered by the protective order already in place in this case. Second, Plaintiff is to be denied access to any management review or corrective action documents, if that patient is among Mr. Carter's active clients.

## C. *Deposition*

Finally, as to whether the discovery may be continued by written interrogatories rather than by deposition, the courts have said "the deposition process provides a means to obtain more complete information and is, therefore, favored." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D. N.C. 1989). However, "for good cause" the court may rule that "(1) discovery may not be had; (2) that the discovery may be had only on specified terms and conditions . . . [or] (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. . . ." Va. Sup. Ct. R. 4:1(c). Whether good cause is found is at the discretion of the trial court, and Defendants bear the burden of

showing good cause. *Philip Morris Co. v. American Broadcasting Co.*, 36 Va. Cir. 1 (Richmond City 1995).

In this case, it appears that Defendants have shown good cause to avoid continuing by deposition. Any information requested may be gleaned from the documents themselves and any follow-up questions. The information provided by Mrs. Champney during a deposition would not be first hand information, but knowledge acquired from the very documents which Plaintiff seeks to discover. For that reason, Plaintiff's request to continue by deposition is denied, and the Defendant's objection is sustained.

In sum, while Plaintiff is to receive access to the requested information, she is to seek it by interrogatories (not depositions upon written questions under Rule 4:6) rather than through a deposition.