## CIRCUIT COURT OF FAIRFAX COUNTY

Josephine Riordan

v.

Fairfax Hospital System, Inc.

### July 15, 1988

### Case No. (Law) 83762

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on Plaintiff's Motion to Compel. Plaintiff seeks answers to interrogatories regarding Defendant's operating procedures, if any, for the use of posey vests and similar restraints, as well as the production of Defendant's incident report. Defendant claims that the information is privileged under Va. Code § 8.01–581.17.

Addressing first the issue of the policy manuals, the standard of care in medical malpractice cases has been codified in Virginia as "that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty in this Commonwealth." Va. Code § 8.01–581.20. A breach of duty cannot be established by showing that Defendant may have fallen short in the execution of internal guidelines. Private rules and regulations were held inadmissible to establish the standard of care in *Virginia Railway and Power Co. v. Godsey*, 117 Va. 167 (1915), and *Pullen & McCoy v. Nickens*, 226 Va. 342 (1983). Interestingly, these cases involved the common law duty of reasonable care. It seems that the holding ought to be accorded even greater weight when the legislature has articulated the standard of care which is to govern. The inadmissibility of policy manuals is simply an extension of the time-honored doctrine barring evidence of repair following an accident when offered to prove a prior defect. *See, Virginia Railway*, 117 Va. at 169.

Besides the failure of the requested materials to lead to admissible evidence, there is the matter of privilege. Va. Code § 8.01–581.17 states that communications originating in or provided to medical staff committees are privileged. In striking a balance between the concerns of tort plaintiffs and those of the greater public served by the health care delivery system, the legislature has chosen the position which fosters critical self-examination and the adoption of high standards. The lengthy opinion of the Circuit Court of Henrico County in *Roger W. and Virginia N. Francis v. James P. McEntee, M.D., et al.*, 10 Va. Cir. 126 (1987), addressing the same issue, is most persuasive. That court denied discovery, finding that bylaws, regulations, and procedure manuals are protected by the confidentiality provisions of § 8.01–581.17 and that, since there is a sound and rational basis for the legislation, it will not be disturbed by "judicial fiat." Evidently, there is a split of opinion among Virginia circuit courts concerning the discovery of hospital policy manuals. *See, e.g., Malone, Exec. v. Gill Memorial Hospital, Inc.*, City of Roanoke Circuit Court Law Action 86–0307 (1986), and *Johnson, Admx. v. Roanoke Memorial Hospitals, Inc.*, 9 Va. Cir. 196 (1987). Until the conflict can be resolved by the General Assembly or the Virginia Supreme Court, this Court will view the problem with an eye toward Virginia precedent, as articulated in *Virginia Railway* and *Pullen & McCoy*, rather than the trend in other jurisdictions. Defendant does not have to disclose operating procedures in its response to numbers 13 and 15 of Plaintiff's interrogatories.

With regard to Interrogatory No. 19, the Court orders Defendant to answer questions about the incident report, *i.e.*, date the report was prepared, who prepared the report, etc., but the Defendant need not produce the report itself or reveal its contents. An incident report is prepared for purposes of risk management, not medical treatment, and hence, is not part of a patient's record.