# CIRCUIT COURT OF THE CITY OF NORFOLK

Terri Lynn Owens, etc., et al.

v.

Children's Hospital
of the King's Daughters, Inc.

December 2, 1997

Case No. (Law) L97-1380

BY JUDGE MARC JACOBSON

Terri Lynn Owens as the Personal Representative of Sara Jean Owens, an infant, and Terry Lynn Owens and Ricki Curtis Owens (Plaintiffs) have filed a Motion to Compel Production seeking the production of the following documents from Children's Hospital of the King's Daughters (Defendant):

9. Produce copies of any policy directive or training manual for treating or dealing with infiltration burns and/or extravasations.
10. Produce copies of any policy directive or training manual describing the role of the nurse who participates in the administration of vesicants.
11. Produce copies of any policy directives or manual describing or identifying the training required of nurses who participate in the IV therapy and/or the administration of vesicants.

(Pltf. Mot. Compel p. 2.) Defendant asserts such policies and procedures of the hospital are privileged pursuant to Virginia Code § 8.01-581.17. Further, defendant also asserts that such documents are not intended to lead to the discovery of admissible evidence, the standard required by Rule 4:1(b)(1).
Rule 4:1(b)(1) provides in pertinent part:

98

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action .... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Virginia Code § 8.01-581.17, which provides privilege for communications of certain medical staff committees and entities, states:

The proceedings, minutes, records, and reports of any (i) medical staff committee, utilization review committee, or other committee as specified in § 8.01-581.16 and (ii) nonprofit entity that provides a centralized credentializing service, together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications. Nothing in this section shall be construed as providing any privilege to hospital *medical records* kept with respect to any patient *in the ordinary course of business of operating a hospital* nor to any facts or information contained in such records *nor shall this section preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient*

[Emphasis added.]
Virginia Code § 8.01-581.17 was passed in order:

to encourage health care providers "to adopt policies and procedures which will provide the public with the highest degree of care recognized by the medical and scientific communities at any given time." [*Stevens v. Lemmie*, 40 Va. Cir. 499, 505-506 (finding policies and procedures not privileged) (citing] *Francis v. McEntee*, 10 Va. Cir. 126, 128 (1987) [finding policies and procedures are privileged]. In enacting 8.01-581.17, the Virginia General Assembly recognized that in order to achieve this goal there must be frank and open discussions "where criticisms are actually encouraged and mistakes or deficiencies

aggressively exposed ... ." [*Stevens* at 506, citing] *Johnson v. Roanoke Memorial Hospitals, Inc.*, 9 Va. Cir. 196, 198 (1987) [finding no privilege for polices and procedures]. In addition, the legislature recognized the need for privacy in order to promote the type of vigorous debate where such open exchanges could be made without fear of public disclosure. Indeed, without protection from disclosure such discussions would probably be meaningless and without substance.

*Stevens* at 505-506 (citing *Mangano v. Kavanaugh*, 30 Va. Cir. 66 (1993) (finding privilege for documents)). The *Stevens* court considered these goals inapplicable to the operating policies and procedures of the hospital. Noting, as have other courts, that procedure manuals represent the end product of such debate and that these manuals are "shorn of individual criticisms," the *Stevens* court reasoned that policy manuals "do not merit the same concern for protection from public scrutiny." *Stevens* at 508 (citing *Curtis v. Fairfax Hospital Systems, Inc.*, 21 Va. Cir. 275, 277-278 (1990)).

Policy manuals and protocols represent the consensus among medical personnel and administrators. The *Stevens* court reasoned that Virginia Code § 8.01-581.17 was passed to protect those cases where a deviation from the policy manual occurred or criticism of the policy manual was voiced. The statute was intended to "protect peer review committee proceedings and similar internal investigations of the hospital from public scrutiny." *Id.* at 508 (quoting *Curtis* at 278).

The *Stevens* court's reasoning would appear to be buttressed by rules of construction. The statute speaks of privilege for the "proceedings, minutes, records, and reports of any medical staff committee." Later in that same sentence, the statute includes within the privilege "all communications." Finding that:

> on the one hand the protection afforded "all communications" appears to create a universe of coverage without limitation [and] [o]n the other hand the provision that the statute shall not preclude discovery of evidence "relating to hospitalization of such patient in the ordinary course of hospitalization of such patient."

the *Stevens* court resorted to rules of construction. *Id.* at 508. Following *ejusdem generis*, the specific terms "proceedings, minutes, records, and reports" limit the general term "communications." *Id.* Thus the term

communication only "encompasses compilations of the internal dialogue of the committee meetings and not any guidelines, procedures, or protocols which may result from the meetings ... ."*Curtis* at 278.

In addition to limiting the statutory grant of privilege, this Court cannot conclude that there is a privilege for policy manuals and procedures based upon the exception at the end of the statute. The "final phrase of 8.01-581.17 cannot be ignored and must be met head on." *Johnson*, 9 Va. Cir. at 199. "Any evidence, then, that relates to the treatment of any patient or his hospitalization ... is discoverable, notwithstanding whatever privilege the preceding language may have granted." *Id.* The plain meaning of the second clause which limits the privilege is clear:

> this section shall *not* preclude, it mandates, or affect discovery of evidence that relates to a patient's hospitalization or treatment. And this relation is not quantified; any relation to treatment or hospitalization, however infinitesimal, however generalized, is all that is required.

*Id.* at 199-200 (emphasis in the original). Policy and procedure manuals which designate the care for the patient necessarily relate to the treatment of the patient. Under this interpretation of the statute, the manuals sought in the present case would not be privileged.

The long standing rule in Virginia is that private rules of conduct are not admissible to show the standard of care. *See Pullen v. Nickens*, 226 Va. 342 (1983); *Virginia R. & P. Co. v. Godsey*, 117 Va. 167 (1915). Under rules of statutory construction, this Court shall presume the General Assembly knew of prior Supreme Court decisions in this area of law. *See Cape Henry Towers, Inc. v. National Gypsum Co.*, 229 Va. 596, 600-601 (1985); *Burns v. Board of Sup'vrs v. Stafford County*, 227 Va. 354, 360 (1984); *Powers v. County Sch. Bd.*, 148 Va. 661, 669 (1927). Further, in medical malpractice cases, Virginia Code § 8.01-581.02 requires a medical expert to establish the standard of care. At the time Virginia Code § 8.01-581.17 was passed, the policy manuals and procedures of hospitals were inadmissible. No need existed to protect these manuals because both the common law and statutory law prohibited the policies and procedures of the hospital to be used to show the standard of care.

Although Plaintiff argues that the policy manuals are admissible on the basis of dicta in *Bly v. Rhoads*, 216 Va. 645 (1976), this Court does not agree that the policy manuals are admissible as evidence in the instant case.

While concluding that the policy and procedure manuals are not admissible as such as evidence, the documents may still be relevant. As noted above, for an item to be discoverable, Rule 4:1(b)(1) does not require that the document sought be admissible. Rather, the document requested must be reasonably calculated to lead to the discovery of admissible evidence. The rule specifically states that a document shall not be ruled not discoverable simply because the document itself is not admissible.

The Court concludes that in considering § 8.01-581.17, the proper balance between the grant of privilege and the exception to the privilege favors finding that the privilege does not apply to the policy manuals dictating the care of the patient. Because procedures and policies which instruct hospital staff on the proper way to care for a sick infant relate to the patient's hospitalization, these documents fall within the exception to the privilege. However, this does not mean that the documents are admissible. The private internal rules of a defendant cannot be admitted by or against the defendant to negate or prove negligence. While the manuals are inadmissible, the manuals are still discoverable because the information contained therein is reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, the Court overrules the objections by Defendant relative to the production of manuals as set forth hereinabove. The Court would ask that Ms. Cofield please prepare an Order in accordance with the foregoing and cause same to be submitted to the Court within fifteen days, the Order to provide that the manuals be produced within twenty days after entry of the Order.