**CIRCUIT COURT OF THE CITY OF SALEM**

Elizabeth H. Day,
Executor of the Estate of
Netty Obenshain Bowles,
deceased

v.

Medical Facilities of America, Inc.,
Medical Facilities of America I, L.P.,
Medical Facilities of America II, L.P.,
t/a Salem Health and Rehabilitation Center,
and Medical Facilities of Virginia I, L.P.

August 21, 2002

Case No. CL02-3

BY JUDGE ROBERT P. DOHERTY, JR.

In her motion to compel, the plaintiff seeks the production of the defendants' policies, procedures, protocols, guidelines, and training materials relating to the prevention, treatment, and documentation of pressure ulcers and infection, which were in effect on or since the date of the admission of the plaintiff's decedent to the defendants' facility, as well as the defendants' policies, procedures, protocols, guidelines, and training materials relating to document retention and destruction. The defendants have objected, arguing that § 8.01-581.17 of the Code of Virginia (1950), as amended, protects these documents from discovery.

Section 8.01-581.17 provides, in pertinent part, as follows:

> The proceedings, minutes, records, and reports of any (i) medical staff committee, utilization review committee, or other committee as specified in § 8.01-581.16 and (ii) nonprofit entity that provides a centralized credentialing service, together with all communications,

both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications.

As the defendants have noted in their brief, there is a division among Virginia circuit courts as to whether § 8.01-581.17 prevents discovery of a health facility's policies and procedures. This Court will follow the reasoning of those circuit courts which found that the term "communications," as used in the statute, is limited in scope under the doctrine of ejusdem generis by the list of specifically enumerated terms "proceedings, minutes, records, and reports" found in the first line of the statute. See *Owens v. Children's Hosp. of the King's Daughters, Inc.*, 45 Va. Cir. 97, 99-100 (1997); *Stevens v. Lemmie*, 40 Va. Cir. 499, 508 (1996); and *Curtis v. Fairfax Hosp. Sys., Inc.*, 21 Va. Cir. 275, 278 (1990). As the Supreme Court of Virginia states in *Gates & Son Co. v. Richmond*, 103 Va. 702, 49 S.E. 965 (1905), "[t]he rationale of the principle of ejusdem generis, seems to be, that if the legislature had intended the general words to apply, uninfluenced by the preceding particular words and without restriction, it would in the first instance have employed a compendious word to express its purpose." *Id.* at 705, 49 S.E. at 966 (citation omitted). Similarly, if the legislature had intended that all types of communications were to be protected by the privilege provided by § 8.01-581.17, they could have simply stated that "all communications" were privileged, without specifically listing "proceedings, minutes, records, and reports" as examples of privileged documents. For this reason, the Court concludes that the protocols and procedures sought by the plaintiff do not fall within the scope of the term "communications," as they are not analogous to proceedings, minutes, records, or reports. Moreover, the Court fails to see how requiring the production of these documents can have a chilling effect on the nursing home industry's diligence in adopting optimal guidelines and procedures, as the defendants' argue, when it appears from the language of 12 VAC 5-371-140 that the plaintiff could have, at any point during the decedent's residence at the defendants' nursing home, reviewed these same procedures, and copied them by hand, if need be. Even today, any resident or appropriate relation of a resident at the defendants' facility, could, at the behest of the plaintiff, do this very thing. For all these reasons, the Court finds that the defendants' policies and procedures are discoverable under § 8.01-581.17.

The Court disagrees, however, with the plaintiff's contention that such policies and procedures are also always admissible. One circuit court opinion does suggest that, to the extent that a hospital's policies and procedures reflect industry custom and are not purely private rules, they may be admissible. *Curtis v. Fairfax Hosp. Sys., Inc.*, 21 Va. Cir. at 279. However, other Virginia circuit courts which have specifically considered the admissibility of hospital policies and procedures have determined that such policies and procedures are inadmissible under the Supreme Court of Virginia's holding in *Pullen v. Nickens*, 226 Va. 342, 350-51, 310 S.E.2d 452, 456-57 (1983) (holding that private rules are inadmissible in evidence either for or against a litigant who was not a party to such rules because a party's adoption of private rules cannot fix such party's duty to other). See *Bradburn v. Rockingham Mem'l Hosp.*, 45 Va. Cir. 356, 363 (1998); *Owens v. Children's Hosp. of the King's Daughters, Inc.*, 45 Va. Cir. at 100-01; *Riordan v. Fairfax Hosp. Sys., Inc.*, 28 Va. Cir. 560 (1988); and *Leslie v. Alexander*, 14 Va. Cir. 127 (1988). This Court follows the view of the greater number of circuit courts that the defendants' policies and procedures, although discoverable, are not generally admissible. However these documents are still relevant in that they may still reasonably lead to the discovery of admissible evidence. Va. Sup. Ct. R. 4:1(b)(1) (2001). Certainly, the Court cannot conclude at this stage of the discovery proceedings that the policies and procedures sought by the plaintiff will not lead to admissible evidence, or that they may not contain some unique piece of information that would, under equally unique circumstances, cause them to be admissible.

Based on the foregoing, the Court grants the plaintiff's motion to compel with respect to the production of the requested policies and procedures.