# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Carol Hubbard,
Administratrix, etc.

v.

Reymond G. Pascual et al.

Case No. CL04-2361

Carol Hubbard,
Administratrix, etc.

v.

Emergency Physicians
of Tidewater et al.

Case No. CL05-2361

July 10, 2006

BY JUDGE DEAN W. SWORD, JR.

The above matters, in actuality, represent one proceeding involving a medical malpractice claim against a number of defendants including Maryview Medical Center (MMC). Presently, the court has before it a motion to compel MMC to produce "10 . . . copies of any and all written documents which detail any of the procedures set out above." (Essentially the documents sought are the policy and/or procedures of the hospital radiology department.)

Counsel for MMC objects citing Virginia Code §§ 8.01-581.16 and 8.01-581.17 and *Pullen v. Nickens*, 226 Va. 342 (1983). Without setting out the statute verbatim it can be categorized as a statutory privilege protecting

from disclosure "The proceedings, minutes, records, and reports of any (i) medical staff, committee . . . as specified in § 8.01-581.16 . . ." (peer review). The *Pullen* case deals with the admissibility at trial of "private" rules as evidence of the common law standard of care in a negligence case.

For the reasons stated herein, the court finds that the materials sought and which have been reviewed *in camera* by the court are not entitled to the privilege created by Virginia Code § 8.01-581.17, but are nonetheless not subject to discovery.

This issue, what constitutes "peer review" material, has to date not been decided by the Virginia Supreme Court. However, there are numerous circuit court opinions that represent a split of authority on the applicability of the privilege to policy/procedure manuals.

The cases that generally apply the privilege almost always cite a "broad interpretation" of the application of the statute. Those cases that allow disclosure apply a strict definitional construction and find that policy/procedural manuals do not meet the statutory definition and thus are not privileged. *Curtis v. Fairfax Hospital System, Inc.*, 21 Va. Cir. 275 (Fairfax 1990) (R. Annunziata, Judge).

After considering a number of opinions, this court finds Judge Annunziata's reasoning more persuasive and adopts her position. (See *Curtis*, pp. 277-78.) Essentially, I am of the opinion that the materials that I have reviewed *in camera* have moved well beyond any "peer review" purpose and represent personnel policies as well as procedures for the operation of the radiology department. After considering the material the court comes to the conclusion that the subject materials are most likely disseminated to all employees of the radiology department, including clerical personnel, and therefore lack the confidential nature of the material I believe the statute is designed to protect.

(Counsel should be aware that the decision in this case is largely based upon the materials reviewed *in camera* and another case with different material might well dictate an entirely different result.)

Answering the first question does not, however, complete our inquiry. The defense also objects to disclosure based upon what we shall call "the private rule objection."

This was first set forth in *Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 168 (1915); "private rules of a company, intended only for the guidance of its own employees" are inadmissible at trial. *See also Pullen, supra*, at p. 351, "We believe the rationale of *Godsey* is sound, and we reaffirm our holding in that case. . . ." Based upon the authorities just cited, we can find that the material sought may not be used as evidence at trial of any violation of the applicable standard of care and in a broad sense would be irrelevant to the issues of this case.

Under our rules, however, if the material sought may "lead to the discovery of admissible evidence," Rule 4:1(b)(1), the court may require its disclosure. In this case, at the hearing on the motion, counsel for the plaintiff candidly advised the court that the purpose of discovery of the material was to assist his expert in the presentation of standard of care testimony. To allow this would, in my opinion, create a situation where the evidence could be used when it is clearly inadmissible. Since I cannot find that the disclosure of this *in camera* material will "lead to the discovery of admissible evidence" the motion to compel must be denied.

Having objected, the defense must also understand that the court will at trial sustain an objection raised to any attempt to its use of the material.

The *in camera* material will remain sealed and remain part of the file for any appellate review that might later occur.