# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Emma Lucille L. Gravely

v.

Richard S. Perren et al.

January 28, 2009

Case No. CL08-41

BY JUDGE G. CARTER GREER

In this medical malpractice action, the plaintiff seeks compensatory damages against Dr. Richard Perren, an emergency medicine physician, and his corporation. Although the complaint also names Memorial Hospital of Martinsville and Henry County ("hospital") as a defendant, the plaintiff did not serve the hospital with process, so the hospital at present is not a party to the lawsuit. The complaint alleges, *inter alia*, that, on the morning of February 16, 2006, the plaintiff presented to the emergency room at the hospital with complaints of chest pain, back pain, weakness, and breathing difficulty; that Dr. Perren, who examined the plaintiff, failed to order cardiac enzymes or to take other steps to rule out cardiac pathology; that Dr. Perren discharged the plaintiff with a diagnosis of "acute chronic low back pain"; that the plaintiff's symptoms worsened; that, later the same day, the plaintiff returned to the emergency room, where another physician obtained a cardiology consultation; and that the plaintiff, who had suffered a massive heart attack, was emergently transferred to North Carolina Baptist Hospital.

The plaintiff has served on the hospital a subpoena *duces tecum*, requesting the production of two categories of documents: (1) "[a]ll protocols, policies, and/or procedure manuals, or other documents . . . addressing in any way the circumstances under which cardiac enzymes are to be ordered by physicians and/or nurses" and (2) "[a]ll protocols, policies, and/or procedure manuals, or other documents . . . addressing in any way the management of

patients presenting to the emergency room with chest pain, and/or back pain radiating to the chest." Citing Va. Code § 8.01-581.17, the hospital has filed a motion to quash, asserting that the subpoena "seeks documents that are confidential, privileged, and protected from disclosure." Motion to Quash, p. 2. Furthermore, the hospital argues that "protocols, policies, and procedures are not relevant, are not admissible, and . . . are not likely to lead to the discovery of admissible evidence." *Id.*

The pertinent language of § 8.01-581.17 is as follows:

> The proceedings, minutes, records, and reports of any (i) medical staff committee, utilization review committee, or other committee, board, group, commission, or other entity as specified in § 8.01-581.16; (ii) nonprofit entity that provides a centralized credentialing service; or (iii) quality assurance, quality of care, or peer review committee . . . together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, or communications.

In the context of a defamation action, the Supreme Court of Virginia has stated that "[t]he obvious legislative intent [of this statute] is to promote open and frank discussion during the peer review process among health care providers in furtherance of the overall goal of improvement of the health care system." *HCA Health Services v. Levin*, 260 Va. 215, 221, 530 S.E.2d 417 (2000). Holding that the statute does not protect from disclosure incident reports containing factual information, in *Riverside Hospital v. Johnson*, 272 Va. 518, 636 S.E.2d 416 (2006), the Supreme Court said that "[i]t is the deliberative process and the conclusions reached through that process that the General Assembly sought to protect." *Id.*, 272 Va. at 533. However, the Supreme Court has yet to confront the precise issue involved in the case at bar.

Predictably, whether § 8.01-581.17 prevents the discovery of policies, protocols, and procedures has led to a divergence of opinion in the trial courts of the Commonwealth. *See* Goodman, *et al.*, "Discovery Divide: Virginia Code Section 8.01-581.17's Quality Assurance Privilege and its Protection of Healthcare Provider Policies and Incident Reports," 39 U. Rich. L. Rev. 61

(2004). The primary area of disagreement concerns whether the phrases "proceedings, minutes, records, and reports" and "all communications, both oral and written" should be given a narrow or broad interpretation. The courts that have given a narrow construction to these phrases have permitted discovery of policies, protocols, and procedures. *See, e.g., Johnson v. Roanoke Memorial Hospitals, Inc.*, 9 Va. Cir. 196 (1987); *Curtis v. Fairfax Hospital Systems, Inc.*, 21 Va. Cir. 275 (1990); and *Bradburn v. Rockingham Memorial Hospital*, 45 Va. Cir. 356 (1998). Those courts giving a broad construction to these phrases have denied discovery of policies, protocols, and procedures. *See, e.g., Francis v. McEntee*, 10 Va. Cir. 126 (1987); *Mangano v. Kavanaugh*, 30 Va. Cir. 66 (1993); and *Meijia-Arevalo v. INOVA Health Care Services* (Va. Cir. 2008).[1]

It is the opinion of this court that the statutory language quoted above should be given a narrow construction and that the statute does not protect policies, protocols, and procedures from discovery. It is beyond cavil that the peer review process demands confidentiality, for "[i]f peer review information were not confidential, there would be little incentive to participate in the process." *HCA Health Services, supra*, 260 Va. at 221. However, there is a distinction to be made between the *process* of peer review and the *end result* of peer review. The same factors justifying confidentiality of peer review proceedings do not militate in favor of protecting policies, protocols, and procedures from disclosure. As the late Judge Coulter observed, the peer review process "must be totally uninhibited from the fear of disclosure" in order to promote "free-wheeling exchanges where criticisms are actually encouraged and mistakes or deficiencies aggressively exposed toward the overall improvement of the system." *Johnson, supra*, at 198. On the other hand, "the ultimate end results of such critiques, which might find their way into depersonalized manuals of procedure and which have been shorn of individualized criticisms, do not merit the same concern for protection from public scrutiny." *Id.* at 199.

Citing *Mangano, supra*, and *Francis, supra*, the hospital contends that "[t]he inherent need for healthcare providers to provide the best quality care possible" is a public policy consideration in favor of extending the statutory privilege to policies, protocols, and procedures. Hospital's Memorandum, p. 9. However, the hospital's argument is without merit, for, if policies, protocols, and procedures are discoverable, it does not follow that health care providers would be any less conscientious in delivering care to patients. In fact, the

---

[1] This case is printed above at page 43. [Reporter's Note]

converse is more plausible. It is more likely that, if policies, protocols, and procedures "see the light of day," health care providers will try harder to follow them.

The hospital also argues that, since "[p]olicies and protocols are irrelevant and inadmissible to prove the standard of care," they are not discoverable. Hospital's Memorandum, p. 12. It is true that, under the authority of *Pullen & McCoy v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983), the policies, protocols, and procedures at issue in this case are likely inadmissible at trial, but the hospital confuses the concepts of admissibility and discovery. Rule 4:1 of the Rules of the Supreme Court of Virginia provides in pertinent part that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Logical relevance, that is, the tendency of evidence to prove a material proposition, is not a proper consideration in a discovery dispute. The policies, protocols, and procedures that the plaintiff has requested are certainly related to the subject matter in the sense that they are germane to the subject of the lawsuit, and the court at this juncture cannot find that the requested documents are not calculated to lead to the discovery of admissible evidence.

The court denies the hospital's motion to quash.