# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

In re Carla J. Jones

Case Nos. CM10-911, CM10-710

Carla J. Jones

v.

Joelle M. Perez
and Chesapeake
Hospital Authority

Case No. (Civil) CL10-2062

By Judge John W. Brown

July 29, 2010

Case Nos. CM10-911, CM10-710

Based on the oral arguments heard on June 16, 2010, the cases cited and produced by counsel, and the circumstances of this particular case, the Court grants the petitioner the right to depose Joelle Perez, the alleged radiologic technician, pursuant to Rule 4:2(a)(3). Further, the Court grants the petitioner's motion to depose a knowledgeable representative of Chesapeake Regional Hospital to testify regarding the equipment used during the procedure, the dosage administered, identification of the particular contrast dye solution, and any protocols governing the CT scan and contrast procedures that were undertaken on the patient.

The Court finds these depositions will promote judicial efficiency and help to exclude improper defendants from being named as a party to

the suit, served with process, or bearing the cost of litigation. Additionally, the Court finds that the requirements of Virginia Code § 8.01-20.1 cannot reasonably be met without additional information, such as that discussed on the record. The petitioner has shown, to the satisfaction of the Court, that the perpetuation of the testimony of the two above individuals may prevent a delay or a failure of justice. The limited inquiry of the petitioner will, as attested by Mr. Brown, either make a case against a limited number of defendants or reveal that no viable case exists.

The Court finds the Magistrate's opinion in *In re Sitter*, 167 F.R.D. 80 (D. Minn. 1996), unpersuasive in this matter. Unlike the Minnesota Supreme Court, the Virginia Supreme Court has not been confronted with "the same issue that is presented here." *Id.* at 82.

October 26, 2010

Case No. (Civil) CL10-2062

On September 22, 2010, upon Defendant's Motion to Quash, counsel brought before the Court argument regarding various facets of discovery in this matter. The Court identifies three major issues which are addressed below: (1) the availability of post-filing, pre-service discovery in a medical malpractice action and whether the filing of the action at law[1] alters the availability of such discovery under the Rules of the Supreme Court of Virginia; (2) the impact of the Virginia Code § 8.01-581.17 privilege on the instant discovery issues; and (3) assuming discovery is proper at this time or in the near future, the discoverability of the defendant hospital's PAC system and allegedly protected hospital policies.

## I. *Procedural Posture*

Initially, Plaintiff opened two miscellaneous files in this matter through the filing of a Rule 4:2 petition and subpoenas *duces tecum*, seeking her medical files, among other documents.

By this Court's Order of August 9, 2010, pursuant to Rules 4:2(a)(3) and 4:5(b)(6), Plaintiff was allowed to depose on August 19, 2010, Joelle Perez, Radiological Technologist, who appeared in her individual capacity and as a "knowledgeable representative" of Defendant regarding the CT scan equipment, the procedures, and protocols used in the contrast procedures undertaken on Plaintiff. Ms. Perez was later named a defendant in CL10-2062.

Apparently unsatisfied with the initial scope of the deposition notice, Plaintiff sought additional discovery, filing a Supplemental Notice to Take

---

[1] This references CL10-2062, filed after the two miscellaneous matters, CM10-710 and CM10-911.

Deposition and Produce Documents before the August 19th deposition. Finally, on August 25, 2010, Plaintiff filed an action at law, *Jones v. Perez*, CL10-2062, in the Chesapeake Circuit Court but expressly requested that process not be served in the suit.

In response to the Supplemental Notice, Defendant filed its Motion to Quash, which this Court heard on September 22, 2010. In addition to argument regarding the Motion to Quash, the Court also considered Plaintiff's contention that Defendant failed to provide a knowledgeable representative at the August 19th deposition and that, consequently, more discovery is necessary to comply with this Court's Order of August 9, 2010.

The procedural history discussed above leaves the Court with a novel situation under its consideration: allegedly inadequate compliance with a Rule 4:2 discovery order, a supplemental notice of deposition, and the subsequent filing of suit.

Despite the Court's invitation, both parties declined to submit briefing on the issues discussed below.

## II. *Availability of Post-Filing, Pre-Service Discovery*

As Plaintiff has filed suit but has not yet served Defendants with process, as noted above, the Court must consider the indistinct and largely unexpounded interplay between the discovery sections of Part 4.

### A. *Rule 4:2 and the Perpetuation of Testimony in Anticipation of Suit*

Rule 4:2 provides for the perpetuation of testimony upon a verified petition in the circuit court of the locality in which an expected adverse party resides. The petition must set forth, *inter alia*, "that the petitioner expects to be a party to an action cognizable in a court of this Commonwealth but is presently unable to bring it or cause it to be brought. . . ." Va. S. Ct. R. 4:2(a)(1)(A). The Court finds that the express purpose of Rule 4:2 is clearly indicated in the above quotation, read in conjunction with subsection (c), which provides that Rule 4:2 is the only procedure for the perpetuation of testimony.

In the instant matter, Plaintiff filed a verified Rule 4:2 petition, as well as an amendment thereto before taking the deposition of Joelle Perez. As discussed above, following this deposition, Plaintiff filed suit against both Defendants, Chesapeake Hospital Authority and Ms. Perez.

Fundamentally, Virginia law provides that "commencement of the action" is achieved by the filing of a suit, not by service of process. *See* Va. Code § 8.01-275.1; *Janvier v. Arminio*, 272 Va. 353, 358, 634 S.E.2d 754, 756 (2006) ("[S]ervice of process within 12 months of commencement of the action or suit against a defendant shall be timely as to that defendant."

(quoting Va. Code § 8.01-275.1)). Commencement of the action and "bring[ing]" suit are logically synonymous with regard to the issues now before the Court.

Therefore, any amendments or supplemental depositions are not available pursuant to Rule 4:2, as Ms. Jones is no longer "unable to bring [suit] or cause it to be brought" against Joelle Perez and Chesapeake Hospital Authority. Indeed, Plaintiff's Rule 4:2 petition and pre-filing discovery focused on the necessity of verifying the identity of the radiological technologist who performed the August 28, 2008, CT scan on Ms. Jones, as well as the procedures followed and technological information regarding the type of contrast, the rate of flow, etc. Although all the desired information was not presented at the August 19th deposition, either because the witness did not know or did not have the records with her, the actual filing of suit obviates any ability of Plaintiff to further perpetuate testimony pursuant to Rule 4:2.

B. *Plaintiff's Alternative Potential Discovery Opportunity: Rule 4:5*

Despite the fact that a deposition upon a Rule 4:2 verified petition is no longer available to Plaintiff because suit has been filed, there exists the possibility of Plaintiff's obtaining her desired additional discovery through other means. Such alternatives could allow Plaintiff to obtain answers to the previously requested discovery and ultimately acquire the § 8.01-20.1 certification of merit before service of process is effectuated, which in part was the Court's reason for approving the original Rule 4:2 request.

Rule 4:5 governs depositions upon oral examination and provides in relevant part:

> After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition before the expiration of the period within which a defendant may file a responsive pleading under Rule 3:8. . . .

Va. S. Ct. R. 4:5(a).

As discussed *supra*, commencement of the action occurs by the filing of suit, not by service of process. *See, e.g.*, Va. Code § 8.01-275.1. Due to the commencement of Plaintiff's action by filing on August 25, 2010, Plaintiff may now undertake depositions of knowledgeable representatives of the hospital defendant, pursuant to Rule 4:5(a), in accordance with the Amended Notice of deposition dated August 12, 2010.

On the basis of the arguments of counsel on September 22, 2010, leave of court to take a deposition in accordance with the Amended Notice

is granted to the Plaintiff. The precise scope and nature of the information discoverable at this deposition is provided in the sections below.

### III. *Protected Status of Hospital Protocols, Policies, and Procedures*

### A. *Privileged Status of the CT Scan Protocols and Related Information*

The discovery of healthcare protocols, policies, and procedures has long engendered extensive litigation, as parties invoke Virginia Code § 8.01-581.17 in attempts to prevent disclosure of such materials.

In this case, the Plaintiff seeks discovery of "[a]ny protocols governing CT Thorax Scans with contrast in effect on August 28, 2008, at the Radiology Department of Chesapeake Regional Medical Center." By Letter Opinion of August 9, 2010, this Court granted Plaintiff the right to depose a knowledgeable representative of Defendant to testify regarding any protocols governing the CT scan and contrast procedures undertaken on Plaintiff. Defendant argues, however, that such information is protected from discovery by Virginia Code §§ 8.01-581.16 and 8.01-581.17 and is further not reasonably calculated to lead to the discovery of admissible evidence.

The Court does not fully address Defendant's § 8.01-581.16 invocation, as this section does not, of itself provide a privilege from discovery as does § 8.01-581.17, despite the definitional interplay between the sections. *See Klarfeld v. Salsbury*, 233 Va. 277, 284, 355 S.E.2d 319, 323 (1987).

The Court begins by noting that Virginia Code § 8.01-581.17 is plainly intended to "promote open and frank discussion during the peer review process among health care providers in furtherance of the overall goal of improvement of the health care system." *HCA Health Svcs. of Va., Inc. v. Levin*, 260 Va. 215, 221, 530 S.E.2d 417, 420 (2000). Facially, protecting from discovery the ultimate product of the peer review process does not serve the interests promoted by protecting discussions in the course of the process itself. With this discrepancy in policy as a foundation, the Court turns to interpretation of the statutory section itself.

At the crux of litigation involving § 8.01-581.17 is the proper interpretation of the privilege extending to "proceedings, minutes, records, and reports," as well as "all communications, both oral and written, originating in or provided to such committees," as provided in the statute. Applying the canon of statutory construction *ejusdem generis* leads this Court to find that "all communications," as provided in § 8.01-581.17 are limited to the enumerated "proceedings, minutes, records, and reports." In narrowly construing the statutory terms of § 8.01-581.17, the Court follows the reasoning of circuit courts throughout the Commonwealth. *See, e.g., Gravely v. Perren*, 77 Va. Cir. 370, 372 (2009) (Martinsville City); *Day v.*

*Medical Facilities of Am., Inc.*, 59 Va. Cir. 378, 379 (2002) (Salem City); *Bradburn v. Rockingham Memorial Hospital*, 45 Va. Cir. 356, 361–63 (1998) (Rockingham Co.); *Stevens v. Lemmie*, 40 Va. Cir. 499, 508 (1996) (Petersburg City). However, such a construction is not uniform, with several courts providing a more expansive interpretation of "proceedings, minutes, and records," thus denying discovery of hospital protocols, policies, and procedures. *See, e.g., Mejia-Arevalo v. INOVA Health Care Svcs.*, 77 Va. Cir. 43, 47 (2008) (Fairfax Co.); *Francis v. McEntee*, 10 Va. Cir. 126, 129 (1987) (Henrico Co.).

Because the General Assembly employed the general phrase "all communications," followed by an enumeration of communications, the accompanying language logically limits the general phrase. *See, e.g., Gates & Son Co. v. Richmond*, 103 Va. 702, 705, 49 S.E. 965, 966 (1905) ("The rationale of the principle of *ejusdem generis*, seems to be, that, if the legislature had intended the general words to apply, uninfluenced by the preceding particular words and without restriction, it would in the first instance have employed a compendious word to express its purpose." (citation omitted)).

A finding that such materials are not privileged is also bolstered by the inclusion in § 8.01-581.17 of a sweeping limitation on the privilege: "[N]or shall this section preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient." Va. Code § 8.01-581.17(C). Hospital policies, procedures, and protocols, by necessity, relate to the "ordinary course of hospitalization" and thus are not excluded from discovery under the statute. *See Lemmie*, 40 Va. Cir. at 508.

Correspondingly, many Virginia courts have decided that a privilege under § 8.01-581.17 does not exist for healthcare policies and procedures, such as the CT scan protocols at issue in this case, because such disclosures do not threaten the existence of open and collaborative processes in the formulation of such policies. *See, e.g., Gravely*, 77 Va. Cir. at 371; *Estate of Curtis v. Fairfax Hosp. Sys., Inc.*, 21 Va. Cir. 275, 277–78 (1990) (Fairfax Co.); *Johnson v. Roanoke Mem. Hosps., Inc.*, 9 Va. Cir. 196, 197 (1987) (Roanoke City); *see also* Michael L. Goodman et al., *Discovery Divide: Virginia Code Section 8.01-581's Quality Assurance Privilege and Its Protection of Healthcare Provider Policies and Incident Reports*, 39 U. Rich. L. Rev. 61, 67 (2004) (noting an equal division of circuit courts regarding whether healthcare policies are privileged from discovery). While the Court is familiar with the disparate opinions of his fellow Judges in the Chesapeake Circuit, *e.g., McCarthy v. Tan*, CL00-652 (Chesapeake Cir. Ct. Mar. 26, 2002); *Sebastiano Caruso v. Chesapeake Gen. Hospital Healthcare Found.*, CL 99-768 (Chesapeake Cir. Ct. Feb. 8, 2000), the overall weight of authority and policy in the Commonwealth dictates the discovery of such protocols.

The Court therefore finds that the CT scan protocols are not privileged under Virginia Code § 8.01-581.17 and thus turns to whether such information is otherwise discoverable.

## B. *Discovery of the CT Scan Protocols*

Virginia Supreme Court Rule 4:1(b) broadly permits discovery of materials "relevant to the subject matter involved in the pending action," including such materials related to a claim or defense of any party. The resources sought need not be admissible; "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence," Rule 4:1(b) permits its discovery. *Id.*

This Court is well aware of the authorities denying discovery of hospital policies and procedures on grounds that private rules of conduct are inadmissible to establish an applicable standard of care, as stated in *Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 83 S.E. 1072 (1915), and *Pullen & McCoy v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983); *see Hubbard v. Pascual*, 71 Va. Cir. 265 (2006) (Portsmouth City); *Riordan v. Fairfax Hosp. Sys., Inc.*, 28 Va. Cir. 560 (1988) (Fairfax Co.); *Francis v. McEntee*, 10 Va. Cir. 126 (1987) (Henrico Co.). However, in consideration of the broad scope of Rule 4:1(b) and the purposes for which Plaintiff seeks the procedures and protocols, the Court cannot grant Defendant's Motion to Quash on grounds of inadmissibility.

At this stage of the litigation, Plaintiff is attempting to gather adequate information to obtain an expert to make a § 8.01-20.1 certification. It is difficult for the Court to conceive of information related to the operation of the CT scan system that would not be useful to such an expert in making the certification necessary for Plaintiff to effectuate service of process. Therefore, it is unnecessary for the Court to enumerate the various theories under which the CT scan protocols are "relevant to the subject matter" of the action or how such protocols "appear reasonably calculated to lead to the discovery of admissible evidence" as required by Rule 4:1(b).

In consideration of the expansive nature of Rule 4:1 and the minimal burden regarding discoverable evidence, the Court finds that the CT scan protocols are discoverable under the laws of the Commonwealth, as is the other information sought through Plaintiff's Amended Notice.

## IV. *Conclusion*

For the reasons set forth above, the Court holds: (1) further perpetuation of testimony pursuant to Rule 4:2 is improper, as Plaintiff has already filed suit; (2) nevertheless, discovery is allowed pursuant to Rule 4:5(a), and Plaintiff is granted leave of court to procure such discovery; and

(3) the protocols and related information governing CT thorax scans with contrast in Defendant's hospitals are not privileged and are discoverable.

November 22, 2010

Case Nos. (Civil) CM10-710, CM10-911, CL10-2062

On September 22, 2010, upon Defendants' Motion to Quash, counsel brought before the Court argument regarding various facets of discovery in this matter. The Court identified three major issues: (1) the availability of post-filing, pre-service discovery in a medical malpractice action and whether the filing of the action at law[2] alters the availability of such discovery under the Rules of the Supreme Court of Virginia; (2) the impact of the Virginia Code § 8.01-581.17 privilege on the instant discovery issues; and (3) assuming discovery is proper at the time or in the near future, the discoverability of the defendant hospital's PAC system and allegedly protected hospital policies.

The Court, on October 26, 2010, issued a letter opinion addressing the above issues, noting that both parties had declined to submit briefing. The Defendants, by counsel, subsequently informed the Court that they had in fact provided a brief on October 22nd, re-submitting this brief under cover of letter dated October 29th. Defendants' brief raised argument regarding Rule 4:9 issues not previously before the Court. Due to the circumstances and concerns of fairness to the parties, the Court considered Defendants' brief and provided Plaintiff with an opportunity to respond. Plaintiff submitted a letter brief in response on November 12th, adopting wholesale the Court's opinion of October 26th as argument.

Underlying the Court's discussion of the broad issues in this matter is recognition of the desirability in medical malpractice cases of narrowing the number of defendants and quickly determining whether a viable case exists, avoiding unnecessary costs incurred by all parties in a scattershot naming of all possible defendants in hopes of attaching liability, in addition to attendant cost issues concerning § 8.01-20 certification.

While the Plaintiff has filed suit since the initial deposition at issue, these concerns form a basis for this and the Court's pre-filing decisions in this matter. *See, e.g.*, Va. S. Ct. R. 4:2(3) ("If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories.").

---

[2] This references CL10-2062, filed after the two miscellaneous matters, CM10-710 and CM10-911.

The Court therefore presents the opinion below, addressing the additional issues identified by the parties on brief.

## I. Procedural Posture

Initially, Plaintiff opened two miscellaneous files in this matter through the filing of a Rule 4:2 petition and subpoenas *duces tecum*, seeking her medical files, among other documents.

By this Court's Order of August 9, 2010, pursuant to Rules 4:2(a)(3) and 4:5(b)(6), Plaintiff was allowed to depose on August 19th, Joelle Perez, Radiological Technologist, who appeared in her individual capacity and as a "knowledgeable representative" of the defendant hospital regarding the CT scan equipment, the procedures, and protocols used in the contrast procedures undertaken on Plaintiff. Ms. Perez was later named a defendant in CL10-2062.

Apparently unsatisfied with the initial scope of the deposition notice, Plaintiff sought additional discovery, filing a Supplemental Notice to Take Deposition and Produce Documents before the August 19th deposition. Finally, on August 25, 2010, Plaintiff filed an action at law, *Jones v. Perez*, CL10-2062, in the Chesapeake Circuit Court but expressly requested that process not be served in the suit.

In response to the Supplemental Notice, Defendants filed their Motion to Quash, which this Court heard on September 22, 2010. In addition to argument regarding the Motion to Quash, the Court also considered Plaintiff's contention that Defendants failed to provide a knowledgeable representative at the August 19th deposition and that, consequently, more discovery is necessary to comply with this Court's Order of August 9, 2010.

The procedural history discussed above leaves the Court with a novel situation under its consideration: allegedly inadequate compliance with a Rule 4:2 discovery order, a supplemental notice of deposition, and the subsequent filing of suit.

## II. Availability of Post-Filing, Pre-Service Discovery

As Plaintiff has filed suit, but has not yet served Defendants with process, the Court must consider the indistinct and largely unexpounded interplay between the discovery sections of Rule 4.

### A. Rule 4:2 and the Perpetuation of Testimony in Anticipation of Suit

Rule 4:2 provides for the perpetuation of testimony upon a verified petition in the circuit court of the locality in which an expected adverse party resides. The petition must set forth, *inter alia*, "that the petitioner expects

to be a party to an action cognizable in a court of this Commonwealth but is presently unable to bring it or cause it to be brought. . . ." Va. S. Ct. R. 4:2(a)(1)(A). The Court finds that the express purpose of Rule 4:2 is clearly indicated in the above quotation, read in conjunction with subsection (c), which provides that Rule 4:2 is the only procedure for the perpetuation of testimony.

In the instant matter, Plaintiff filed a verified Rule 4:2 petition, as well as an amendment thereto before taking the deposition of Joelle Perez. As discussed above, following this deposition, Plaintiff filed suit against both Defendants, Chesapeake Hospital Authority and Ms. Perez.

Fundamentally, Virginia law provides that "commencement of the action" is achieved by the filing of a suit, not by service of process. *See* Va. Code § 8.01-275.1; *Janvier v. Arminio*, 272 Va. 353, 358, 634 S.E.2d 754, 756 (2006) ("[S]ervice of process within 12 months of commencement of the action or suit against a defendant shall be timely as to that defendant." (quoting Va. Code § 8.01-275.1)). Commencement of the action and "bring[ing]" suit are logically synonymous with regard to the issues now before the Court.

Therefore, any amendments or supplemental depositions are not available pursuant to Rule 4:2, as Ms. Jones is no longer "unable to bring [suit] or cause it to be brought" against Joelle Perez and Chesapeake Hospital Authority. Indeed, Plaintiff's Rule 4:2 petition and pre-filing discovery focused on the necessity of verifying the identity of the Radiological Technologist who performed the August 28, 2008, CT scan on Ms. Jones, as well as the procedures followed and technological information regarding the type of contrast, the rate of flow, etc. Although all the desired information was not presented at the August 19th deposition, either because the witness did not know or did not have the records with her, the actual filing of suit obviates any ability of Plaintiff to further perpetuate testimony pursuant to Rule 4:2.

## B. *Plaintiff's Alternative Potential Discovery Opportunity: Rule 4:5*

Despite the fact that deposition upon a Rule 4:2 verified petition is no longer available to Plaintiff because suit has been filed, there exists the possibility of Plaintiff's obtaining her desired additional discovery through other means. Such alternatives could allow Plaintiff to obtain answers to the previously requested discovery and ultimately acquire the § 8.01-20.1 certification of merit before service of process is effectuated, which was in part the Court's reason for approving the original Rule 4:2 request.

Rule 4:5 governs depositions upon oral examination, and provides, in relevant part:

> After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition before the expiration of the period within which a defendant may file a responsive pleading under Rule 3:8. . . .

Va. S. Ct. R. 4:5(a).

As discussed *supra*, commencement of the action occurs by the filing of suit, not by service of process. *See, e.g.*, Va. Code § 8.01-275.1. Due to the commencement of Plaintiff's action by filing on August 25, 2010, Plaintiff may now undertake depositions of knowledgeable representatives of the hospital defendant, pursuant to Rule 4:5(a), in accordance with the Amended Notice of Deposition dated August 12, 2010.

### C. *The Impact of Rule 4:9 on Plaintiff's Requested Discovery of Tangible Materials*

Plaintiff's Amended Notice of Deposition additionally requested discovery of "[a]ny protocols governing CT Thorax Scans with contrast in effect on August 28, 2008, at the Radiology Department of Chesapeake Regional Medical Center." By Letter Opinion of July 29, 2010, and Order of August 9, 2010, this Court granted Plaintiff the right to depose a knowledgeable representative of the defendant hospital to testify regarding any protocols governing the CT scan and contrast procedures undertaken on Plaintiff. On brief, Defendants objected to such discovery as premature under Rule 4:9.

In relevant part, Rule 4:9 allows for production of documents upon request, which "may, *without leave of court*, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the complaint upon that party." Va. S. Ct. R. 4:9(b)(i) (emphasis added). While the Rule provides when discovery may be obtained without leave, it conspicuously does not bar a court from granting leave for such requests to be served upon a defendant after commencement of the action but before service of process. The Court therefore finds that granting leave of court for service of a request for production of documents is not expressly prohibited under Rule 4:9 and thus considers the propriety of such leave in this unusual case.

The Court's decision as to whether leave of court should be granted in this matter is further influenced by the events that transpired on August 19, 2010, and is thus considered in conjunction with granting leave of court to take the deposition itself. Despite the Court's Order of August 9th, the Defendants did not provide a truly knowledgeable corporate representative to the extent of the Court's direction, instead designating Ms. Perez, the

Radiological Technologist, herself. Ms. Perez was unable to answer many of Plaintiff's questions regarding the CT Scan system and protocols in effect at the time of Ms. Jones's injury; both parties and the Court expended additional resources as a result of this shortcoming.

For the reasons stated above, and on the basis of the arguments of counsel on September 22, 2010, and on brief, leave of court to take a deposition and obtain discovery in accordance with the Amended Notice is granted to the Plaintiff. However, the Court cautions that leave is granted in light of the extraordinary circumstances surrounding discovery in this matter; such allowance must be narrowly construed. By allowing a deposition and discovery in accordance with Plaintiff's Amended Notice, the Court seeks to effectuate a transfer of information to the extent contemplated by its Order of August 9, 2010.

The precise scope and nature of the information discoverable at the deposition is provided in the sections below.

III. *Protected Status of Hospital Protocols, Policies, and Procedures*

A. *Privileged Status of the CT Scan Protocols and Related Information*

The discovery of healthcare protocols, policies, and procedures has long engendered extensive litigation, as parties invoke Virginia Code § 8.01-581.17 in attempts to prevent disclosure of such materials.

In this case, the Plaintiff seeks discovery of information regarding the CT Thorax Scan protocols in effect at the time of Ms. Jones's injury, as well as the protocols themselves. Defendants argue, however, that such information is protected from discovery by Virginia Code §§ 8.01-581.16 and 8.01-581.17 and is further not reasonably calculated to lead to the discovery of admissible evidence.

The Court does not fully address the defendant hospital's § 8.01-581.16 invocation, as this section does not, of itself, provide a privilege from discovery as does § 8.01-581.17, despite the definitional interplay between the sections. *See Klarfeld v. Salsbury*, 233 Va. 277, 284, 355 S.E.2d 319, 323 (1987).

The Court initially notes that Virginia Code § 8.01-581.17 is plainly intended to "promote open and frank discussion during the peer review process among health care providers in furtherance of the overall goal of improvement of the health care system." *HCA Health Svcs. of Va., Inc. v. Levin*, 260 Va. 215, 221, 530 S.E.2d 417, 420 (2000). Facially, protecting from discovery the ultimate product of the peer review process does not serve the interests promoted by protecting discussions in the course of the process itself. With this discrepancy in policy as a foundation, the Court turns to interpretation of the statutory section itself.

At the crux of litigation involving § 8.01-581.17 is the proper interpretation of the privilege extending to "proceedings, minutes, records, and reports," as well as "all communications, both oral and written, originating in or provided to such committees," as provided in the statute. Applying the canon of statutory construction *ejusdem generis* leads this Court to find that "all communications," as provided in § 8.01-581.17 are limited to the enumerated "proceedings, minutes, records, and reports." In narrowly construing the statutory terms of § 8.01-581.17, the Court follows the reasoning of circuit courts throughout the Commonwealth. *See, e.g., Gravely v. Perren*, 77 Va. Cir. 370, 372 (2009) (Martinsville City); *Day v. Medical Facilities of Am., Inc.*, 59 Va. Cir. 378, 379 (2002) (Salem City); *Bradburn v. Rockingham Mem. Hosp.*, 45 Va. Cir. 356, 361–63 (1998) (Rockingham Co.); *Stevens v. Lemmie*, 40 Va. Cir. 499, 508 (1996) (Petersburg City). However, such a construction is not uniform, with several courts providing a more expansive interpretation of "proceedings, minutes, and records," thus denying discovery of hospital protocols, policies, and procedures. *See, e.g., Mejia-Arevalo v. INOVA Health Care Svcs.*, 77 Va. Cir. 43, 47 (2008) (Fairfax Co.); *Francis v. McEntee*, 10 Va. Cir. 126, 129 (1987) (Henrico Co.).

Because the General Assembly employed the general phrase "all communications," followed by an enumeration of communications, the accompanying language logically limits the general phrase. *See, e.g., Gates & Son Co. v. Richmond*, 103 Va. 702, 705, 49 S.E. 965, 966 (1905) ("The rationale of the principle of *ejusdem generis*, seems to be, that if the legislature had intended the general words to apply, uninfluenced by the preceding particular words and without restriction, it would in the first instance have employed a compendious word to express its purpose." (citation omitted)).

A finding that such materials are not privileged is also bolstered by the inclusion in § 8.01-581.17 of a sweeping limitation on the privilege: "[N]or shall this section preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient." Va. Code § 8.01-581.17(C). Hospital policies, procedures, and protocols, by necessity, relate to the "ordinary course of hospitalization" and thus are not excluded from discovery under the statute. *See Lemmie*, 40 Va. Cir. at 508.

Correspondingly, many Virginia courts have decided that a privilege under § 8.01-581.17 does not exist for healthcare policies and procedures, such as the CT scan protocols at issue in this case, because such disclosures do not threaten the existence of open and collaborative processes in the formulation of such policies. *See, e.g., Gravely*, 77 Va. Cir. at 371; *Estate of Curtis v. Fairfax Hosp. Sys., Inc.*, 21 Va. Cir. 275, 277–78 (1990) (Fairfax Co.); *Johnson v. Roanoke Mem. Hosps., Inc.*, 9 Va. Cir 196, 197 (1987) (Roanoke City); *see also* Michael L. Goodman et al., *Discovery*

*Divide: Virginia Code Section 8.01-581's Quality Assurance Privilege and Its Protection of Healthcare Provider Policies and Incident Reports*, 39 U. Rich. L. Rev. 61, 67 (2004) (noting an equal division of circuit courts regarding whether healthcare policies are privileged from discovery). While the Court is aware of the contrasting rulings in previous actions in this Circuit, *e.g.*, *McCarthy v. Tan*, CL00-652 (Chesapeake Cir. Mar. 26, 2002); *Sebastiano Caruso v. Chesapeake Gen. Hosp. Healthcare Found.*, CL 99-768 (Chesapeake Cir. Feb. 8, 2000), the overall weight of authority and policy in the Commonwealth dictates the discovery of such protocols.

The Court therefore finds that the CT scan protocols are not privileged under Virginia Code § 8.01-581.17 and thus turns to whether such information is otherwise discoverable.

## B. *Discovery of the CT Scan Protocols*

Virginia Supreme Court Rule 4:1(b) broadly permits discovery of materials "relevant to the subject matter involved in the pending action," including such materials related to a claim or defense of any party. The resources sought need not be admissible; "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence," Rule 4:1(b) permits its discovery. *Id.*

This Court is well aware of the authorities denying discovery of hospital policies and procedures on grounds that private rules of conduct are inadmissible to establish an applicable standard of care, as stated in *Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 83 S.E. 1072 (1915), and *Pullen & McCoy v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983); *see Hubbard v. Pascual*, 71 Va. Cir. 265 (2006) (Portsmouth City); *Riordan v. Fairfax Hosp. Sys., Inc.*, 28 Va. Cir. 560 (1988) (Fairfax Co.); *Francis v. McEntee*, 10 Va. Cir. 126 (1987) (Henrico Co.). However, in consideration of the broad scope of Rule 4:1(b) and the purposes for which Plaintiff seeks the procedures and protocols, the Court cannot grant Defendants' Motion to Quash on grounds of inadmissibility.

At this stage of the litigation, Plaintiff is attempting to gather adequate information to obtain an expert to make a § 8.01-20.1 certification. It is difficult for the Court to conceive of information related to the operation of the CT scan system that would not be useful to such an expert in making the certification necessary for Plaintiff to effectuate service of process. Therefore, it is unnecessary for the Court to enumerate the various theories under which the CT scan protocols are "relevant to the subject matter" of the action or how such protocols "appear reasonably calculated to lead to the discovery of admissible evidence" as required by Rule 4:1(b).

In consideration of the expansive nature of Rule 4:1 and the minimal burden regarding discoverable evidence, the Court finds that the CT scan

protocols are discoverable under the laws of the Commonwealth, as is the other information sought through Plaintiff's Amended Notice.

## IV. *Conclusion*

For the reasons set forth above, the Court holds: (1) further perpetuation of testimony pursuant to Rule 4:2 is improper, as Plaintiff has already filed suit; (2) nevertheless, discovery is allowed, and Plaintiff is granted leave of court to procure such discovery; and (3) the protocols and related information governing CT thorax scans with contrast are not privileged and are discoverable.